Robert F. BURNETT et al., Appellants,

v.

The FIRST NATIONAL BANK OF WACO, Texas, Appellee.

No. 1145.

Court of Civil Appeals of Texas, Tyler.

June 8, 1978.

Rehearing Denied June 29, 1978.

Jack N. Price, Price & Williams, Austin, for appellants.

P. M. Johnston, Sleeper, Williams, Johnston, Helm & Estes, Waco, for appellee.

DUNAGAN, Chief Justice.

This is an appeal from a summary judgment in a case involving issues of breach of trust and conversion, the case being styled The First National Bank of Waso, Texas v. Robert Franklin Burnett, et al.

The case involves the Burnett Trust, which was an irrevocable trust established by Clarence C. Burnett and wife, Gladys C. Burnett, as settlors, and The First National Bank of Waco, as trustee. Beneficiaries of the trust were Robert Franklin Burnett and Clarence Edward Burnett, sons of the settlors. This trust was dated December 30, 1950, and was to terminate January 5, 1973.

The same settlors, Clarence C. Burnett and Gladys C. Burnett, had also established a second trust on October 20, 1964, which was a revocable trust called the C & G Trust. Once again, The First National Bank of Waco was named as trustee. There has been previous litigation with respect to the C & G Trust. The previous case was styled The First National Bank of Waco, Texas v. Clarence C. Burnett, Individually and as Representative of the C & G Trust and the Estate of Gladys C. Burnett, Deceased. Following judgment for the plaintiff, First National Bank of Waco, the case was appealed to the Court of Civil Appeals in Eastland, Texas, and judgment rendered for The First National Bank of Waco in an opinion appearing at 536 S.W.2d 600. The suit was predicated on Burnett's guarantees to the bank on debts incurred by the C & G Trust of which the bank served as trustee. Burnett filed a counterclaim against the bank alleging the bank had failed to properly discharge its duties as trustee of the C & G Trust. Robert Franklin Burnett and Clarence Edward Burnett intervened individually and on behalf of their minor children who were the ultimate beneficiaries of the C & G Trust asserting a like cause of action as alleged by Clarence C. Burnett in his counterclaim.

The appellant in the instant case asserts that the appellee has not proven as a matter of law the absence of any genuine issue of material fact concerning whether the bank was guilty of improper self-dealing in lending money to the Burnett Trust and then, as Trustee of the Burnett Trust, using the funds to purchase the M & B Development note, the McKeathan note, and the Spell note from the C & G Trust, which the bank also administered as Trustee. This contention relies upon Article 7425b–13, V.A.C.S. (1960), which states:

"Trustees selling from one trust to another trust

"A trustee shall not as trustee of one trust sell property to another trust estate of which it is trustee, except bonds, notes, bills and other obligations issued, or fully guaranteed as to both principal and interest, by the United States of America, which may be so sold and transferred by the trustee, from one trust estate to another, at the current market price. Acts 1943, 48th Leg. p. 232, ch. 148 sec. 13."

Article 7425b–13, V.A.C.S., is not controlling in the instant case. The Texas Trust Act goes on to say in Article 7425b–22, V.A.C.S. (1960):

"Power of trustor

"The trustor of any trust affected by this Act may, by provisions in the trust instrument creating the trust, or by an amendment of the trust if the trustor reserved the power to amend the trust, relieve his trustee from any or all the duties, restrictions, and liabilities which would otherwise be imposed upon him by this Act; or alter or deny to his trustee any or all the privileges and powers conferred upon the trustee by this Act; or add duties, restrictions, liabilities, privileges, or powers to those imposed or granted by this Act; but no act of the trustor shall relieve a corporate trustee from the duties, restrictions, and liabilities imposed upon it by Sections 10, 11, and 12 of this Act. Acts 1943, 48th Leg. p. 232, ch. 148 sec. 22."

The Burnett trust agreement gave the Trustee the power "to transfer, assign, sell and convey any or all of the real or personal property constituting the Trust Estate upon such terms and for such consideration as in the exclusive judgment of the Trustee may seem to the best interest of the trust estate and to invest and reinvest the assets of the Trust Estate, whether such assets shall consist of the principal thereof or the income therefrom, in any nature of real or personal property, within or without the State of Texas, without being limited by the provisions of any law governing the investment of trust funds." The trust goes on to allow the Trustee to invest in semi-proven oil, gas or mineral leases or royalties. The Trustee is also given the power "in its sole discretion, to do and perform any and all acts necessary or convenient in the handling of the trust property and in administering the Trust Estate and in carrying out the powers herein granted, and to execute any and all documents necessary or convenient in the handling of the trust property and in the administration of the Trust Estate and in carrying out the powers therein granted, to the same extent as if the Trustee were the owner of the full fee simple title to the trust property, it being understood that the enumeration of the specific powers herein need not be construed to in any manner limit the general authority hereby granted."

It is apparent that the Burnett Trust instrument contains provisions that relieve the Trustee of any restrictions on investment. This is permitted by sec. 22 of the Texas Trust Act except as to secs. 10, 11 and 12 of the Act. Therefore, sec. 13 of the Texas Trust Act is not controlling in this case. The appellants virtually admit this fact in their brief.

Certainly the transfer of the three notes in question between the C & G Trust and the Burnett Trust cannot be said to violate the terms of the Burnett Trust and constitute improper self-dealing on the part of the appellee. The provisions of the Burnett Trust that make these transfers proper under the Texas Trust Act must also be construed to allow these transfers under the

Burnett Trust instrument itself. All of the provisions of the Burnett Trust instrument set out above are substantially similar to the provisions of the C & G Trust instrument that was litigated in *Burnett v. First National Bank of Waco*, supra, and held to be proper. We find no genuine issue of fact concerning whether the bank was guilty of improper self-dealing.

The appellant asserts that the appellee has not proven as a matter of law that there is no genuine issue of fact concerning whether the bank is guilty of imprudent investment and mismanagement in purchasing the three notes in question, at face value, with cash belonging to the Burnett Trust. The bank advanced money to the Burnett Trust to purchase the three notes in question and took as security for the loan some stock that was one of the assets of the Burnett Trust. Initially, we must note that the appellants in their first amended counterclaim seem only to have a singular complaint. The act of self-dealing comprises that complaint as pointed out in the pleading where appellants allege mismanagement and then specifically equate such to a violation of Article 7425b–13. The pleading goes on to complain of the " . . . mismanagement as alleged above . . .", when in fact the only act of mismanagement alleged is self-dealing. Nevertheless, we will examine the record to determine if the absence of any issue of fact concerning mismanagement has been proven by the appellee.

■ The appellee relies in part upon a clause contained in the Burnett Trust stating that the Trustee will not be held liable for any honest mistake in judgment. The appellee asserts that this clause prevents the Trustee from being held liable for any acts of negligence or mismanagement short of dishonesty. We cannot agree with this contention. The clause merely restates the well accepted principle that a Trustee will not be held liable for any honest mistake in judgment. However, a Trustee could exercise his fiduciary duty in such a negligent or supine manner that his lack of diligence would result in a breach of his fiduciary duty, without approaching the concept of dishonesty.

Having decided the exculpatory clause regarding the Trustee's liability in the Burnett Trust does not alleviate the Trustee from liability under the allegations contained in the appellants' petition, we must determine whether or not the other proof in the record establishes as a matter of law, when viewed in a light most favorable to the appellants that there is no genuine issue of material fact concerning imprudent or negligent mismanagement of the Burnett Trust. The record reflects that the assets of the Burnett Trust have increased in value from approximately $50,000.00 to approximately $1,000,000.00 during the time the assets were held in trust by the appellee. The depositions on file in this case by Robert Franklin Burnett and Clarence Edward Burnett reflect two basic complaints. The first of these is the interdealing between the two trusts that we have already discussed above. The second complaint is that the notes purchased by the Burnett Trust do not have a maturity date prior to the date of the termination of the trust. We do not feel this furnishes any basis for a claim of mismanagement against the Trustee. The depositions reflect that neither Robert nor Clarence E. Burnett have determined that the notes are unliquid. The only testimony in the record is that these notes are liquid. In any event, the trust instrument does not require that all the assets of the trust be of liquid nature at the date of termination. In fact, the trust specifically authorizes certain investments, for example, semi-proven oil leases and royalties, which certainly might not be of liquid nature at the date of the termination of the trust. The appellants' personal financial preferences seem to be the basis of any complaint rather than the impropriety of any action taken by the Trustee in this case.

■ The question to be determined on appeal is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of plaintiffs' cause of action. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex.1970); *Prestegord v. Glenn*, 441 S.W.2d 185 (Tex.1969). On a motion for summary judgment, the

burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Gulbenkian v. Penn,* 151 Tex. 412, 252 S.W.2d 929 (1952). We have examined the record presented in this case and the evidence in a light most favorable to the appellants. We are of the opinion that no genuine issue as to a material fact exists in the case, and the appellants' point of error is overruled.

The judgment of the trial court is affirmed.