Carol Hurd JEWETT, et al, Appellants,

v.

The CAPITAL NATIONAL BANK OF AUSTIN, Texas, Appellee.

No. 6272.

Court of Civil Appeals of Texas, Waco.

May 28, 1981.

Rehearing Denied June 25, 1981.

**110**

David H. Donaldson, Jr., Graves, Dougherty, Hearon & Moody, Austin, for appellants.

Barry K. Bishop, David C. Duggins, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs from summary judgment they take nothing in suit against defendant Bank for breach of trust and negligent failure to properly administer a trust of which plaintiffs were beneficiaries.

Plaintiffs Carol Hurd Jewett and Travis Hurd, son and daughter of Ray Hurd, deceased, sued defendant Bank for breach of trust and deceptive trade practices in its capacity as trustee of a trust created January 2, 1970, by Ray Hurd. Plaintiffs alleged: Ray Hurd delivered to the Bank 2000 shares of Tracor, Inc., stock with plaintiffs as beneficiaries of the trust, each entitled to a ½ interest therein; that the purpose of the trust was to provide income for support, maintenance and education of plaintiffs, and each was entitled to distributions of income and corpus as required for such purposes, with final distribution of the share of each upon their attaining age thirty-five;[1] that the trust agreement empowered defendant to invest in assets of a speculative nature provided such assets promised to yield the greatest return and would result in a maximum appreciation of corpus; that Tracor, Inc., was not such a stock; had never paid a dividend prior to a 10 cent dividend in 1976; that commencing in 1968 (2 years prior to establishment of the trust) the price of Tracor was in constant decline and declined from $22. per share in 1970 to $1.87 per share in 1975; that a prudent man should have been on notice that Tracor was an improper trust investment from 1970 forward; that defendant trustee sold no shares of the Tracor stock of plaintiff Travis Hurd except to make payment to itself of trustee fees, and sold no shares of plaintiff Carol Hurd, except as required for educational support in 1973 and 1974, and to pay itself trustee fees; that defendant was under a duty to exercise judgment and care and to diversify the investment in the trust with a view of making the assets yield the greatest return and produce a maximum appreciation of corpus; that defendant breached their duties by failing to dispose Tracor stock and purchase other assets in diversity; that such breaches of duty constituted negligence and gross negligence; that defendant breached its duty by failing to render an annual accounting to plaintiffs; that defendant engaged in unconscionable actions because the value of the services rendered were in gross disparity to the amount charged; that plaintiffs were damaged $42,410., which they seek trebled plus costs, attorney's fees and termination of the trust.

Defendant answered by general denial, and thereafter filed motion for summary judgment plaintiffs take nothing because the trust instrument gives the trustee the power to invest in assets "even though they may be of a speculative nature" and that the trustee is "hereby relieved of all liability for any loss of the trust funds resulting from the investment and re-investment of the trust funds in any speculative business or venture"; that cause of action for failure to sell Tracor stock and diversify are precluded by the exculpatory clause in the trust instrument. Such motion further asserts plaintiffs cannot maintain action under the Texas Deceptive Trade Practices Act because plaintiffs are not "consumers" under the Act.

---

1. Plaintiffs were 19 and 13 at time of creation of the trust and 28 and 22 at time of filing suit.

Plaintiffs filed opposition to defendant's motion for summary judgment asserting "the alleged exculpatory provision in the trust instrument * * is not an exculpatory clause. Thus, a fact question is raised whether [defendant] operated as a careful and prudent trustee"; that if the provision in the trust instrument "is an exculpatory clause, it must be strictly construed and limited to its terms * * it does not relieve the trustee of liability for breach of his duty to diversify trust assets and breach of his duty to invest the trust corpus in income producing assets * * whether defendant properly fulfilled its duties to diversify and invest in income producing assets is a question of fact; * * [and the] provision does not relieve defendant from liability for negligence, gross negligence or reckless indifference to the interests of the beneficiaries. The pleadings, admissions and answers to interrogatories and affidavits on file * * raise a genuine issue of material fact of whether [defendant] was negligent, grossly negligent or recklessly indifferent to the interests of plaintiffs as beneficiaries of the trust in its administration of the trust."

Thereafter plaintiffs moved for partial summary judgment terminating the trust, which the trial court granted on September 28, 1979.

On January 10, 1980 the trial court rendered final judgment granting defendant's motion for summary judgment that plaintiffs take nothing.

Plaintiffs appeal on 21 points.

Points 1 through 14 and 21 assert the trial court erred in granting defendant's motion for summary judgment.

Plaintiffs' father by declaration of trust made January 2, 1970 delivered 2000 shares of Tracor, Inc., stock worth some $44,000 ($22.50 per share) to defendant. The stock had been going down since 1968; and continued to go down until in 1975 it was worth less than $2000 ($1.87 per share). The stock never paid a dividend prior to 1976 when it paid a 10 cent per share dividend. The corpus and income of the trust were to be distributed as the trustee determines in its discretion to be reasonably necessary for the support, maintenance or education of the beneficiaries. Defendant never sold any of the stock of the Travis Hurd portion except to make payment to itself of trustee fees; and sold no stock of the Carol Hurd portion except to make educational support for her on two occasions, and to pay itself trustee fees. Defendant has "no established procedure whereby a trust is reviewed by the Investment Department of the Bank, any review is conducted in accordance with sound management principles on an individual basis". The Carol Hurd portion was reviewed only 3 times, April 1, 1970, January 25, 1971 and January 1973, and the record is unclear as to any review of the Travis Hurd portion.

Paragraph V of the Trust Instrument describes the trustee's powers: "In the administration of the trusts the trustee shall have the following powers and discretions, in addition to those now or hereafter conferred on trustees generally, under the Texas Trust Act, Article 7425b VATS, as amended, all of which, subject to any limitation, stated elsewhere in this agreement, *shall be exercised in the fiduciary capacity, primarily in the interest of the beneficiaries*:[2] (a) To invest and reinvest the trust funds in property of any kind, real, personal, or mixed, or in choses of action, or in any business, irrespective of any statute, case, rule, or custom limiting the investment of trust funds; (b) to engage in those activities *and to invest in those assets, even though they may be of a speculative nature, which promise to yield the greatest return and result in maximum appreciation of corpus; and they are hereby relieved from all liability for any loss of the trust funds resulting from the investment and reinvestment of the trust funds in any speculative business or venture*".[2]

Defendant asserts that Paragraph V(b), supra, is an exculpatory clause which completely relieves it from all liability in its administration of the trust and in this case.

**2.** Emphasis added.

Paragraph V(b) relieves the trustee from liability for loss of trust funds resulting from investment in any speculative stock which promises to yield the greatest return and maximum appreciation of corpus. The Tracor stock had never paid a dividend until it paid a 10 cent dividend in 1976, and it went down constantly from 1968 until the termination of the trust.

The trustee in fact did nothing in administering the trust from its creation in January 1970 until it was terminated.

■ It is true that the rule of construction for both trusts and wills is to ascertain the intent of the maker. And if the language is unambiguous and expresses the intent of the maker, it is unnecessary to construe the instrument because it speaks for itself. And in such situation a trustee's powers are conferred by the instrument and neither the trustee nor the courts can add to or take away from such powers. *Corpus Christi Nat. Bank v. Gerdes*, Tex.Civ.App. (Corpus Christi) N.R.E., 551 S.W.2d 521 (and cases therein cited).

■ Nevertheless, a trustee can exercise his fiduciary duty in such a negligent manner that his lack of diligence will result in a breach of his fiduciary duty. *Burnett v. First Nat. Bank of Waco*, Tex.Civ.App. (Tyler) N.R.E., 567 S.W.2d 873.

■ And exculpatory clauses are strictly construed, and the trustee is relieved of liability only to the extent to which it is clearly provided that he shall be excused. Restatement of Trusts Second, Sec. 222 p. 517.

83 A.L.R. p. 618 states the rule thusly: "With regard to the construction to be placed on the clause in an instrument creating a trust limiting the liability of the trustee, it has been said: 'the meaning to be attributed to it should be consistent with the purpose and object of the trust, and a strict rule of construction should be applied as against the claim of restriction [of liability]' ".

■ And a trustee is under a duty to the beneficiary except as otherwise provided by the terms of the trust, to distribute the risk of loss by a reasonable diversification of investments, unless under the circumstances it is prudent not to do so. Restatement of Trusts Second, Sec. 228 p. 541; 24 A.L.R.3d p. 737.

■ Finally an indemnity agreement will not be held to protect an indemnitee against the consequences of his own negligence unless the obligation is expressed in clear and unequivocal language. *Sira & Payne, Inc. v. Wallace & Riddle*, Tex., 484 S.W.2d 559.

■ Here the trustee was to administer $44,000 worth of assets for the purpose of support, maintenance and education of the two beneficiaries; this was to be done "in the fiduciary capacity, primarily in the interest of the beneficiaries", and while the trustee was relieved from liability from investing in stocks of a speculative nature "which promise to yield the greatest return and result in maximum appreciation of capital", it was not relieved of its negligence in failing to review the trust periodically and was not relieved of its negligence in failing to diversify the corpus of the trust.

Here the trustee literally did nothing; and we think a fact question is created as to whether what it did (or did not do) is negligence and resulted in a breach of its fiduciary duty. Paragraph V(b) the asserted exculpatory clause cannot relieve defendant as a matter of law.

The movant for a summary judgment (the defendant Bank) has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Wilcox v. St. Mary's University of San Antonio, Inc.*, Tex., 531 S.W.2d 589; *City of Houston v. Clear Creek Basin Authority*, Tex., 589 S.W.2d 671.

Under the record here, defendant has not shown there is no genuine issue of material fact, and has not established its entitlement to judgment as a matter of law.

· Points 1 through 14 and 21 are sustained. The trial court erred in rendering summary judgment plaintiffs take nothing, and this requires a reversal.

Points 15 through 20 assert the trial court erred in rendering summary judgment because plaintiffs have alleged a cause of action under the Deceptive Trade Practices Act, and that Paragraph V(b) of the trust instrument does not relieve defendant of such liability. Under our view and disposition of this case we do not reach same.

REVERSED AND REMANDED.