**Vivian Bales BEATY, Appellant,**

v.

**Gregory BALES, Appellee.**

**No. 04–83–00366–CV.**

Court of Appeals of Texas,
San Antonio.

Sept. 5, 1984.
Rehearing Denied Oct. 2, 1984.

Donald O. Ferguson, Gardner, Ferguson, Sommers & Dorr, San Antonio, for appellant.

Cooper G. Dibrell, Dibrell, Dodson, Dibrell & Dibrell, San Antonio, William T. Liddell, Houston, for appellee.

Before CANTU, REEVES and TIJERINA, JJ.

## OPINION

TIJERINA, Justice.

This lawsuit concerns a demand for an accounting, removal of the trustee, and money damages filed against appellee individually and as trustee of Ella and L.O. Carter Trusts. The appeal is from a take-nothing judgment based on the jury's an-

swer to special issues. The trial court overruled the motion for judgment *non obstante veredicto.*

A brief setting of the facts is essential. Appellee was the named trustee under the codicils of Ella Carter and L.O. Carter, deceased. The trust corpus consisted of a ranch with improvement situated in Uvalde County, ranch equipment and machinery, personal property, and livestock. Appellant is a beneficiary under the trust created by the will of decedents. Initially, appellee administered the trust estate as ranch foreman with a salary of $850.00 per month, but he subsequently hired a full-time ranch foreman, and functioned as the ranch manager. When the Trust's cattle business became unprofitable appellee sold the cattle and leased part of the land, but kept 3,500 goats for the production of mohair. The ranch lands were mortgaged to the Federal Land Bank to secure the payment of a loan for $350,000.

Appellant claims that she has received no income as a beneficiary under the trust, that appellee has received personal benefit from the trust, and that he has made expenditures and use of the property for purposes unrelated to the trust. The Certified Public Accountant submitted an unaudited accounting and financial report on the trust estate. The codicils of Ella Carter and L.O. Carter created the trust as follows:

> ... I give, devise and bequeath all the rest, residue and remainder of my estate, real, personal or mixed, separate or community, of every description and wherever situated unto GREGORY BALES, as Trustee, and his successors in trust, to be held, administered and distributed as follows: My Trustee shall hold, manage and control the corpus of my estate then remaining on hand for the use and benefit of the children of WILBURN S. BALES, SR., Deceased, and VIVIAN BALES BEATY, for the lifetime of the said VIVIAN BALES BEATY, one-half (½) of the net income from said trust to be paid to VIVIAN BALES BEATY annually; and the remaining one-half (½) of the net income from said trust to be paid annually to the children of WILBURN S. BALES, SR., Deceased, namely, GREGORY BALES, WILBURN S. BALES, JR., MARY LEE KINDRED and NANCY BALES, in equal shares until the death of VIVIAN BALES BEATY; and following the death of VIVIAN BALES BEATY this trust shall continue for a period of ten (10) years before any distribution or division of the corpus of my estate shall be made; the net income from said trust after the death of VIVIAN BALES BEATY to be equally divided annually between GREGORY BALES, WILBURN S. BALES, JR., MARY LEE KINDRED, NANCY BALES and ROY GLEN BEATY, and after the lapse of ten (10) years from the date of the death of VIVIAN BALES BEATY, my estate shall go to the following named beneficiaries, to share and share alike, GREGORY BALES, WILBURN S. BALES, JR., MARY LEE KINDRED, NANCY BALES and ROY GLEN BEATY.

Appellant asserts that the trial court committed reversible error in refusing to grant judgment *non obstante veredicto.* Points of error one through eight, eleven and fourteen involved questions on the motion for judgment *non obstante veredicto;* point of error ten is related to point one. These will all be addressed jointly. In the first complaint, she argues that she is entitled to an accounting, paid by appellee, as a matter of law, because appellant failed to account for his expenditures with original source documents showing the amount of each expense and the items procured as authorized by Article 7425b–24(A), Texas Trust Act. The Certified Public Accountant prepared an unaudited accounting and financial report which was admitted in evidence. Appellant alleges that the report was prepared without the availability of receipts, paid bills, invoices, or other original source documentation.

A judgment *non obstante veredicto* will be granted only when there is no evidence to support the jury's findings on the special issues. *San Antonio Independent School District v. National Bank of Commerce of*

*San Antonio,* 626 S.W.2d 794, 795 (Tex. App.—San Antonio 1981, no writ) and TEX. R.CIV.P. 301. The rule requires that more than a scintilla of evidence must be found on which the jury predicated its findings before the trial court's judgment *non obstante veredicto* can be reversed. *Arrechea v. Arrechea,* 609 S.W.2d 852, 854 (Tex.Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). On the hearing of the motion for judgment notwithstanding the verdict, all testimony must be considered in light most favorable to party against whom the motion is sought and every reasonable intendment deducible from the evidence is to be indulged in that party's favor. *Bowie v. G.P. Plastics,* 572 S.W.2d 42, 44 (Tex. Civ.App.—Eastland 1978, writ ref'd n.r.e.)

 The trustee is required to keep full, accurate, and orderly records concerning the status of the trust estate and of all acts performed thereunder. *Shannon v. Frost National Bank,* 533 S.W.2d 389 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.). In Texas, unless there are provisions under the terms of an express trust, the Texas Trust Act generally grants to the district court original jurisdiction to require an accounting by the trustee. TEX.REV.CIV.STAT.ANN. art. 7425b–24(A) (Vernon 1960). Under TEX.R.CIV.P. 172 the trial court can appoint an auditor to investigate accounts or examine vouchers and can require that a report be made to the court. The trial court has the power to appoint a master in chancery in an appropriate case. TEX.R.CIV.P. 171. In this case appellee as the trustee had the power to hold, manage, and control the corpus of the estate and was required to pay the named beneficiaries the net income in accordance with the terms of the trust. The problem was that the trust estate was beset by heavy debts and the ranch business was not financially successful because of the market conditions. The trial court ordered appellee to give an accounting but further provided as follows: "Plaintiff is not prejudiced to reurge her motion in the event that the accounting is inadequate or not consistent with accepted accounting standard as prescribed by the Texas Trust

Act . . . or Plaintiff is dissatisfied with the documentation thereof." The trial court was concerned with the financial burden on the trust corpus and did not order an audited accounting or a verified accounting. The Certified Public Accountant testified that unaudited accounting is accepted by banks and the Internal Revenue Service. An appellate court cannot substitute its discretion for that of trustees and can interfere with their exercise of discretionary powers only in cases of fraud, misconduct, or clear abuse of discretion. *Coffee v. William Marsh Rice University,* 408 S.W.2d 269, 284 (Tex.Civ.App.—Houston 1966, writ ref'd n.r.e.). Appellant herein has not shown misconduct or fraud. Where the language of the trust instrument is unambiguous and expresses the intentions of the maker, the trustee's powers are conferred by the instrument and neither the court nor the trustee can add or take away such power. The trust is entitled to that construction which the maker intended. *See Jewett v. Capital National Bank,* 618 S.W.2d 109, 112 (Tex.Civ.App.—Waco 1981, writ ref'd n.r.e.). We therefore conclude that the accounting of record sufficiently complies with statutory requirements. Points of error one and ten are overruled.

In the second point of error, appellant claims that she was entitled to one-half of the oil and gas bonus money after deducting 27½% to be retained for principal plus 50% of all delay rentals as required by Section 7425b–33 of the Texas Trust Act. The statutory act provides in pertinent and relevant part, viz:

[S]uch proceeds, if received as delay rentals on a lease shall be deemed income, but if received as consideration, whether as bonus or consideration for the execution of the lease or as royalties, overriding or limited royalties, oil payments of other similar payments, received in connection with the physical severance of such natural resources shall be apportioned to principal and income as follows: 27½% of the gross proceeds (but not to exceed 50% of the net, after deducting the expense and carrying

charges on such property) shall be treated as principal and invested or held for the use and benefit of the remainderman, and the balance shall be treated as income subject to be disbursed to the tenant or person entitled thereto. Such disposition of proceeds shall apply whether the property is producing or non-producing at the time the trust becomes effective.

Where the trust instrument does not provide for the disposition of the proceeds received from oil and gas producing interests, the provisions of the Texas Trust Act govern the ascertainment of principal and income, and the apportionment thereof. *Commercial National Bank in Nacogdoches v. Hayter*, 473 S.W.2d 561, 564 (Tex. Civ.App.—Tyler 1971, writ ref'd n.r.e.). In this case, the trust instrument clearly provided that the beneficiaries were to receive a specified amount from the net income of the trust estate, and the powers given to the trustee to hold, manage, and control the trust corpus gave him the sole discretion to make financial disbursements. The record reflects that the trustee in accordance with the provisions of Article 7425b–33 did apportion the monies received from oil and gas bonuses and delay rentals as mandated by the statute. The monies allocated to principal were kept intact for the benefit of the remaindermen, and the monies allocated to income were used to pay trust estate expenses and debts. The day-to-day expenses connected with the trust administration and management are chargeable to income. Article 7425b–36, *supra*, and also *see Principle and Income Discretionary Allocation Clause*, 30 BAYLOR L.REV. 344 (1978). Point of error two is overruled.

Appellant next contends that the trial court erred in failing to find she was not estopped to assert her claims as a matter of law and in submitting Special Issue No. 5. Special Issue No. 5 reads as follows:

Do you find from a preponderance of the evidence that the Plaintiff, Vivian Bales Beaty, is estopped from asserting a claim against the trustee, Gregory Bales?

ANSWER: We do.
We do not.

We, the Jury Answer "We do."

In answer to the above Special Issue you are instructed that 'estoppel (estopped)' is where a party, by his or her own acts, action, silence or inaction, is precluded from making a claim against another person or party where said second person or party has in good faith relied on that conduct, silence or failure to act.

An assertion of error that an issue should not have been submitted or that a finding of the jury should be disregarded because of insufficiency of the evidence is subject to only one construction: that there is no evidence to warrant submission of the issue or support of the jury finding; only the evidence and inferences tending to support the submission of the issue are considered and all evidence and inferences to the contrary are disregarded. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). If there is some evidence raising an issue, the trial court is required to submit the issue even though the evidence may be insufficient to support an affirmative finding. *Volkswogon of America v. Licht*, 544 S.W.2d 442, 445 (Tex.Civ.App.—El Paso 1976, no writ).

The trial court has considerable discretion in submitting special issues subject to the requirement that the issues submitted must fairly submit the disputed issues for the jury's determination. *Baker Marine Corp. v. Moseley*, 645 S.W.2d 486, 488–89 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.). TEX.R.CIV.P. 277 provides the trial court with discretion whether to submit separate questions with respect to each element of a case or to submit issues broadly. *"It shall not be objectionable that a question is general or includes a combination of elements or issues."* (Emphasis added.)

Our task is to determine whether the record reflects more than a scintilla of evidence to support the jury finding on this specific issue on the question of estoppel. The principle of estoppel by silence

arises where a person is under a duty to another to speak, but refrains from doing so and thereby leads the other to act in reliance on a mistaken understanding of the facts. *A.R. Clark Investment Co. v. Green*, 375 S.W.2d 425, 435 (Tex.1964). The duty to speak does not arise until the silent party is himself aware of the facts. *Richey v. Miller*, 142 Tex. 274, 177 S.W.2d 255, 257 (1944). Appellant acknowledges having received copies of trust estate tax returns and financial statements from attorney Elmer Stahl in 1978. Thus, she was under a duty to speak out and protest on any fiduciary irregularities or areas of misuse or mismanagement of the trust corpus that were revealed by the tax reports and financial statements. The jury could have inferred that appellee relied on appellant's silence and continued with his ongoing methods in administering the trust estate. Thus, viewing the evidence and inferences in the light most favorable to the jury finding, we find sufficient evidence to support the verdict. Point of error three is overruled.

■ Points of error four and five concern allegations by appellant that appellee used trust funds and properties for his personal benefit, considered self-dealing under the Texas Trust Act. Further, appellant contends that appellee endangered the trust properties by placing a Three Hundred and Fifty Thousand Dollar ($350,-000.00) lien on the property and used the money for his own purposes or to increase the value of the remainder. Appellant first argues that appellee was grazing his personal cattle on trust lands. The undisputed testimony of appellee established that the grazing of his cattle on the trust land was part of his compensation as ranch manager. The record reflects that he had 30 head of cattle in 1971 and 20 head of cattle in 1975. There is absolutely no evidence that the trustee bought or sold, directly or indirectly, any property owned by or belonging to the trust estate in violation of Article 7425b–12, Texas Trust Act. Generally the question of whether the trustee has violated his fiduciary duty is a fact question for the jury. *Shannon v. Frost National Bank*, 533 S.W.2d 389 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.). In this case the jury found that the trustee's use of trust land for his own cattle was reasonable compensation for the duties performed for the benefit of the trust estate. Additionally, the jury found that the trustee did not materially violate his fiduciary duty to the beneficiaries of the trust. We find in this record sufficient evidence to support the jury findings and the verdict. Points of error four and five are overruled.

■ In the next assertion of error appellant claims that appellee's compensation should have been limited to the commissions prescribed by TEX.PROB.CODE ANN. § 241 (Vernon 1980). The L.O. Carter Trust agreement provides that the trustee's compensation will be the same as that fixed by law for administrators and personal representatives. Section 241(a) of the Texas Probate Code, *supra*, provides in pertinent part as follows:

Executors and administrators shall be entitled to receive, and may retain in their hands, a commission of five per cent (5%) on all sums they may actually receive in cash, and the same per cent on all sums they may actually pay out in cash, in the administration of the estate; provided, no commission shall be allowed for receiving cash belonging to the testator or intestate which was on hand or on deposit to his credit in a bank at the time of his death, nor for paying out cash to the heirs or legatees as such; provided, further, however, that in no event shall the executor or administrator be entitled in the aggregate to more than five per cent (5%) of the gross fair market value of the estate subject to administration. *If the executor or administrator manages a farm, ranch, factory, or other business of the estate, or if the compensation as calculated above is unreasonably low, the court may allow him reasonable compensation for his services.* For this purpose, the county court shall have jurisdiction to receive, consider, and

act on applications from independent executors. (Emphasis added.)

It is quite apparent the fixed commission allowed by statute for the sale of trust estate property has no relation to compensation payable to a trustee for ranch management. In *In re Estate of Roots*, 596 S.W.2d 240 (Tex.Civ.App.—Amarillo 1980, no writ), the court considered the right of an independent executor to apply for reasonable compensation in excess of that provided by Section 241(a) and stated:

> [T]he Code does not change the established concept that the amount of independent executor's compensation has relation to his service, but not to his qualification to serve....
>
> We determine, therefore, that as a matter of law the court is not empowered to hold an independent executor named in a will is unsuitable merely because the compensation intended to be charged for serving is excessive.

The will and trust agreement of L.O. Carter named appellee as independent executor and trustee of the estate. The will expressly provided that the provisions of Article 7425b–1 et seq., Texas Trust Act, be applied to the trust therein created. A trustee is to be paid for work performed on behalf of the estate subject to review by the court as provided by Article 7425b–24–36. The executor or administrator is entitled to compensation as fixed by the court under the provisions of Sections 241–244, Texas Probate Code. *See City of Austin v. Austin National Bank*, 488 S.W.2d 586, 590 (Tex.Civ.App.—Austin 1972), *aff'd in part, rev'd on other grounds*, 503 S.W.2d 759 (1973). Article 7425b–4(K) defines a trustee's compensation as the normal, recurring fee of the trustee for services in the management and administration of the trust estate, irrespective of the manner of compensation of such fee. A trustee's commission is defined as the fee of the trustee for services rendered, other than the normal management and administration of the trust estate. The pay customarily given other agents or servants for similar work is one of the factors considered in determining reasonable compensation for trustees. BOGERT, *LAW OF TRUSTS* 369 (4th ed. 1963). In this case five witnesses testified as to customary compensation paid by area ranchers to ranch managers. The jury found that the compensation paid to the trustee was reasonable. We find more than a scintilla of evidence to support the jury finding and the verdict. Point of error six is overruled.

■ On point of error seven appellant questions a loan made by the trustee to his sister, Mary Lee Bales Winans in the sum of $2,700.00. This assertion of error is without merit. The record reflects that Mary Lee Bales Winans is an income beneficiary and remainderman. Both wills specifically provided that the corpus of the estate could be invaded for the benefit of beneficiaries having financial difficulties. The loan was included in the accountant's financial report. Article 7425b–10, *supra*, Loan of Trust Funds, specifically provides that nothing contained in the act shall prohibit any trustee from lending such funds to any beneficiary of a trust when so authorized or directed by the express terms of the instrument. In *Furr v. Hall*, 553 S.W.2d 666, 672 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.), the court disallowed the sale of trust property because the trustee had no authority under the will to sell the estate's property. In this case the trustee derived his authority from an express provision in the will. Point of error seven is overruled.

Point of error eight: appellant complains that the trustee should have been removed for materially violating the trust.

Point of error nine: appellant complains that the special issues were not supported by evidence.

Point of error eleven: appellant alleges that the trust estate was unproductive because of the acts and omissions of the trustee, and that the trustee should have sold the estate's property at the end of the first year and reinvested in productive property.

Point of error twelve: appellant objects to page 2 of the court's charge, concerning

a stipulation that she was not seeking an invasion of the trust corpus because of her financial condition. That the court's instruction constitutes a comment on the weight or lack thereof, of the evidence.

Point of error fourteen: appellant alleges that Roy Glen Beaty was entitled to judgment for 20% of the undisputed reduction in the value of the trust corpus since the loss of value was caused by appellee's self serving acts.

■ Points of error eight, nine, eleven, twelve and fourteen were not properly briefed and there are no authorities cited in support of the contentions of error alleged. Therefore, error, if any, was waived. *Estate of Blardone v. McConnico*, 604 S.W.2d 278, 283 (Tex.Civ.App.—Corpus Christi), *writ ref'd n.r.e. per curiam*, 608 S.W.2d 618 (1980); TEX.R.CIV.P. 418. We did review the record and found no fundamental error. Additionally, the record reflects sufficient evidence to support the jury findings and the verdict. Points of error eight, nine, eleven, twelve and fourteen are overruled.

■ Lastly, we review appellant's point of error thirteen where she asserts trial court error, by inquiring from the jury on Special Issue No. 1, whether the trustee had materially violated his fiduciary duty. She specifically complains that a material violation is only germane when the court is removing the trustee, and that it is not necessary to require a finding of *material* —violation under other circumstances which would authorize a removal by the court. Appellant cites no authorities relevant to this issue. There is no dispute that a beneficiary is entitled to recovery in a suit against the trustee for a breach of a fiduciary duty, even though the beneficiary received no damages and the trustee acted in good faith. *Harvey v. Casebeer*, 531 S.W.2d 206, 207 (Tex.Civ.App.—Tyler 1975, no writ).

Article 7425b–39, Texas Trust Act, *supra*, provides in pertinent part, viz:

Trustees having materially violated (or attempted to violate) any express trust resulting in an actual financial loss to the trust, or becoming incompetent or insolvent, or of whose solvency or that of the sureties there is reasonable doubt, or for other cause, in the discretion of the court having jurisdiction, may, on petition of any person actually interested, after hearing, be removed by such court and denied compensation in whole or in part; and any beneficiary, co-trustee, or successor may treat the violation as a breach of trust; and all vacancies in express trustships may be filled by such court.

There is no dispute that appellant's lawsuit sought the removal of the trustee alleging that he breached his fiduciary duties by misusing and mismanaging the trust estate. Special Issue Number one as submitted asked the jury to determine whether the trustee had materially violated his fiduciary duty to the beneficiaries of the trust by failing to produce and distribute net income. The jury answered that the trustee did not materially violate his fiduciary duty. In a recent case *Akin v. Dahl*, 661 S.W.2d 911, 913 (Tex.1983) the supreme court reviewed the requirements of Section 39 of the Texas Trust Act, stating:

This section of the Act indicates that the phrase "in the discretion of the court having jurisdiction," is meant to insure that the number of grounds for removal of a trustee is not expressly limited to those enumerated in the section, but rather may include those that the trial court, in its discretion, deems necessary and proper.

In this case the allegation of mismanagement, misuse, or improper conduct was not established as a matter of law. These issues were disputed, giving rise to a question of fact to be submitted to the jury. There is sufficient evidence in this record to support the jury findings and the verdict. Point of error thirteen is overruled.

The judgment is affirmed.