Honorable Carter Beckworth Criminal District Attorney P.O. Box 3403 Longview, Texas 75606
Re: Construction of charitable trust established on behalf of the Roy H. Laird Memorial Hospital
Dear Mr. Beckworth:
You seek construction of a charitable trust created by the will of Annie B. Laird for the benefit of the Roy H. Laird Memorial Hospital of Kilgore, Texas. The trust corpus is comprised of stocks, bonds, certificates of deposit, and royalties on minerals. You indicate that the trustee has been disbursing income received on the stocks, bonds, and certificates of deposit but has been allocating all of the proceeds from the royalties to principal. You ask whether the proceeds from royalties should be attributable solely to principal or to principal and income pursuant to section 113.107 of the Texas Trust Code, a part of the Texas Property Code.
Section 113.107 provides a method of allocation of royalty proceeds between the principal and income of a trust. This section provides, in part:
 (a) If part of the principal consists of a right to receive a royalty, overriding or limited royalty, working interest, delay rental, or other interest in minerals or other natural resources (other than timber) in, on, or under land, the proceeds of the right shall be allocated to principal and income in accordance with this section.
Subsection (d) of this section allocates royalty proceeds as follows:
 Twenty-seven and one-half percent of the gross proceeds, but not to exceed 50 percent of the net, after deducting the expenses and carrying charges on the property, is principal, and the balance is income.
 You suggest that this allocation should apply to the royalties held in trust for the Roy H. Laird Memorial Hospital. Assuming that the producing mineral interests in question are correctly characterized as royalties, this conclusion is correct.
The fundamental rule governing the construction of trusts is to give effect to the intent of the creator of the trust. Beaty v. Bales, 677 S.W.2d 750, 754 (Tex.App.-San Antonio 1984, writ ref'd n.r.e.); see Jewett v. Capital National Bank of Austin,618 S.W.2d 109, 112 (Tex.Civ.App.-Waco 1981, writ ref'd n.r.e.). If the trust instrument fails to provide for the allocation of the proceeds received from producing mineral interests, the Texas Trust Act governs the apportionment of the proceeds to principal and income. Beaty v. Bales, 677 S.W.2d at 755; Commercial National Bank in Nacogdoches v. Hayter, 473 S.W.2d 561, 564
(Tex.Civ.App.-Tyler 1971, writ ref'd n.r.e.); St. Marks Episcopal Church v. Lowry, 271 S.W.2d 681, 684 (Tex.Civ.App.-Fort Worth 1954, writ ref'd n.r.e.). Intent is ordinarily determined from the language of the instrument which creates the trust.
In the instant case, the instrument which created the trust does not specify how royalty proceeds shall be apportioned. It simply states that "income" from the trust shall be paid annually to the hospital. The copy of the Annie B. Laird will which you submitted to us provides, in part:
 As to the property herein devised to the First National Bank of Longview, Texas, as Trustee for the benefit of Roy H. Laird Memorial Hospital, Kilgore, Texas, the corpus shall be kept intact and the income paid annually to said Roy H. Laird Memorial Hospital, and used only for the maintenance, expansion and operation of said hospital.
Page 7 (Will dated July 16, 1954; probated in Cause No. 4769, Gregg County Probate Court; recorded in Vol. 169, at 389). Accordingly, the aforementioned legal authorities indicate that the Texas Trust Act governs the apportionment of royalties on this trust.
Moreover, the will specifies that [e]xcept as herein otherwise provided all trusts created by this will shall be administered in accordance with the Texas Trust Act, as amended.
Page 8. Like section 113.107 of the current Texas Trust Act, the version of the trust act in effect when the Laird will was executed in 1954 also provided for an apportionment of proceeds from royalties between principal and income. Further, the inclusion of "as amended" in the above-quoted provision of the will evidences a recognition that a perpetual charitable trust may be subjected to changing trust laws, and, therefore, the intent that the changes apply to the trust. Consequently, section 113.107 of the current Texas Trust Code should govern the apportionment to principal and income of proceeds from royalties or mineral interests held in trust for the Roy H. Laird Memorial Hospital.
 SUMMARY
Section 113.107 of the Texas Trust Code, part of the Texas Property Code, should govern the apportionment to principal and income of proceeds from royalties on minerals held in trust for the Roy H. Laird Memorial Hospital pursuant to the will of Annie B. Laird.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Jennifer Riggs Assistant Attorney General