Chrystella HOLLENBECK, Appellant,

v.

Mark HANNA, Jr., Trustee, Appellee.

No. 04–90–00327–CV.

Court of Appeals of Texas, San Antonio.

Jan. 9, 1991.

Annalyn G. Smith, Matthews & Branscomb, San Antonio, for appellant.

Ben A. Wallis, Jr., San Antonio, for appellee.

Before REEVES, PEEPLES and BIERY, JJ.

## OPINION

PEEPLES, Justice.

Chrystella Hollenbeck, the remainder beneficiary under her deceased father's testamentary trust, brought suit in probate court to compel the trustee, Mark Hanna, to give her an accounting. Hollenbeck's mother, Chrystella Bacon, is the trust's income beneficiary for her lifetime. The trial court denied Hollenbeck's request, and she appeals that decision. She also appeals the trial court's denial of her motion to remove Hanna as trustee. We reverse and remand.

Hollenbeck's father, Joe H. Bacon, died on October 10, 1987, leaving a will and codicil dated October 7, 1983 and July 2, 1987 respectively. These instruments, which were admitted to probate on November 17, 1987, left the homestead and other items of property to his wife, Chrystella Bacon, and placed his remaining property, primarily a ranch, in trust. The trust provided that his surviving wife would enjoy the income for life and his daughter Hollenbeck would receive the remainder. Trustee Hanna was authorized to invade the corpus only for Chrystella Bacon's health, and Hollenbeck was given the right to oversee ranch operations.

Mother and daughter did not always agree on matters, and there was further litigation. On October 19, 1988 the court signed an agreed judgment that resolved various disputes between them and entitled Hollenbeck to visit the ranch and inspect operations twice a year. Eventually Hollenbeck started to question whether the day-to-day ranch operations were being overseen by a family member. Under § 2032A of the Internal Revenue Code, she says, farming and ranch property receives a tax break only if a family member oversees the daily operations. Failure to comply with § 2032A might endanger the estate's tax status and force Hanna to sell the ranch to pay taxes, leaving a much smaller remainder for her to take.

Unable to get an accounting from Hanna after several attempts, Hollenbeck brought this suit. Her petition sought an accounting, a written explanation of any action the trustee had taken to protect the § 2032A election, and removal of Hanna as trustee. At the hearing Hollenbeck also said she wanted to make sure that the corpus was not being improperly invaded. The court denied relief.

Hollenbeck contends that the court erred in ruling (1) that Joe Bacon intended to deny her an accounting and (2) that the will's provisions prevail over § 113.151 of the trust code. We agree with both of her contentions.

Section 113.151 of the Texas Trust Code authorizes beneficiaries to file suit to compel an accounting and says that upon such request the court may order one. Section 113.151, entitled "Demand for Accounting," provides in part as follows:

A beneficiary by written demand may request the trustee to deliver to each beneficiary of the trust a written statement of accounts covering all transactions since the last accounting or since the creation of the trust, whichever is later. If the trustee fails or refuses to deliver the statement within a reasonable time after the demand is made, any beneficiary of the trust may file suit to compel the trustee to deliver the statement to all beneficiaries of the trust. The court may require the trustee to deliver a written statement of account to all beneficiaries on finding that the nature of the beneficiary's interest in the trust or the effect of the administration of the trust on the beneficiary's interest is sufficient to require an accounting by the trustee.

TEX.TRUST CODE ANN. § 113.151 (Vernon 1984). Joe Bacon's will states that the trustee shall render an annual accounting and give a copy to Bacon's wife. Section IV(I) of the will provides, "The trustee

shall render an annual accounting, a copy of which shall be delivered to my wife, CHRYSTELLA MAY BACON. Such accounting shall include the income and disbursements and the properties in the trust at the end of the accounting period."

The trial court ruled that under § IV(I) Hollenbeck was not entitled to an accounting and that this provision negated Hollenbeck's rights under § 113.151 of the trust code. The judgment states,

> [The court] finds that the Will of Joe H. Bacon establishing the Chrystella May Bacon Trust provides that an accounting shall be provided by the trustee to Chrystella May Bacon; that by exclusion of other directives to the trustee concerning delivery of an accounting, the testator's intent was that no other entity be provided an accounting; that the provisions of the Will prevail over the provisions of the Trust Code; and that therefore, Chrystella B. Hollenbeck is not entitled to an accounting.

The judgment rests expressly on this interpretation of the will and the trust code. Hollenbeck asked for additional findings of fact and conclusions of law, which the court declined to make. Accordingly we cannot accept Hanna's invitation to uphold the judgment by presuming that the trial court exercised its discretion to deny an accounting under § 113.151, which clearly was not the court's reasoning. *See Leonard v. Eskew*, 731 S.W.2d 124, 132 (Tex. App.—Austin 1987, writ ref'd n.r.e.); *Wilson v. O'Connor*, 555 S.W.2d 776, 781 (Tex. Civ.App.—Dallas 1977, writ dism'd); *Life & Casualty Ins. Co. v. Martinez*, 299 S.W.2d 181, 182 (Tex.Civ.App.—San Antonio 1957, no writ). The court's ruling rests entirely on a legal interpretation of § IV(I) of the will and the trust code.

We believe that the trial court has incorrectly interpreted the will and also given too little weight to § 113.151. The will does not say that the trustee shall give an accounting *only* to Bacon. It does not say that Hollenbeck shall *not* receive one. It says simply that a copy shall be given to Bacon. We disagree that this language suggests that Joe Bacon meant to deprive his daughter of her statutory right to seek

an accounting. This is especially true in view of his directive that Hollenbeck was to oversee the ranch operations.

■ We have found no Texas authority concerning the extent to which a settlor can excuse a trustee from accounting to beneficiaries. Certainly a settlor could not totally eliminate a trustee's duty to provide an accounting to the court.

> If the settlor attempts to eliminate any accounting duty of the trustee, by providing that it shall not be necessary for his trustee to account to anyone at any time, it would seem that the clause should be invalid and the duty of the trustee unaffected. The settlor ought not to be able to oust the court of its inherent equitable, constitutional or statutory jurisdiction, or to override the acts of the legislature concerning information to be furnished by trustees to their beneficiaries. Provisions of this sort in deeds and wills would seem against public policy and void.... There is a small amount of authority on the subject. The better reasoned decisions hold that the trustee still must account to the proper court.

G. BOGERT & G. BOGERT, THE LAW OF TRUSTS AND TRUSTEES § 973, at 462–64 (2d ed. 1983). Similarly we question whether a settlor should be able to deprive any significant beneficiary of the statutory right to seek an accounting.

> A settlor who attempts to create a trust without any accountability in the trustee is contradicting himself. A trust necessarily grants rights to the beneficiary that are enforceable in equity. If the trustee cannot be called to account, the beneficiary cannot force the trustee to any particular line of conduct with regard to the trust property or sue for breach of trust. The trustee may do as he likes with the property, and the beneficiary is without remedy. If the court finds that the settlor really intended a trust, it would seem that accountability in chancery or other court must inevitably follow as an incident. Without an account the beneficiary must be in the dark as to whether there has been a

breach of trust and so is prevented as a practical matter from holding the trustee liable for a breach.

*Id.* § 973, at 467. The same considerations apply to a settlor's attempt to deprive some beneficiaries of an accounting while granting that right to others. We do not read *Beaty v. Bales,* 677 S.W.2d 750 (Tex.App.— San Antonio 1984, writ ref'd n.r.e.), to hold otherwise. The court there did say, "In Texas, unless there are provisions under the terms of an express trust, the Texas Trust Act generally grants to the district court original jurisdiction to require an accounting by the trustee." *Id.* at 754. *See* TEX.TRUST CODE ANN. § 115.001 (Vernon 1984). But *Beaty* did not purport to hold that a settlor could deprive a court of the power to require an accounting, an issue that was not before the court.

In any event the instruments before us do not suggest that the settlor meant to deny his sole remainder beneficiary her statutory right to ask for an accounting, particularly where she seeks primarily a copy of a document that already exists. The will and codicil simply grant that right to the lifetime beneficiary and are silent about the rights of the remainder beneficiary. We hold that the court erred in construing the instruments and the statute otherwise.

For the reasons stated we reverse the order denying an accounting. Section 113.-151 requires the court to decide whether "the nature of the beneficiary's interest in the trust or the effect of the administration of the trust on the beneficiary's interest is sufficient to require an accounting by the trustee." The court has not decided that issue and therefore we remand the cause for further proceedings consistent with this opinion.

We overrule Hollenbeck's fourth point of error, which seeks the removal of Hanna as trustee. Nothing in this opinion is meant to prevent her from reurging on remand her motion to remove him.