**In re ESTATE of D. M. COGDELL, Deceased.**

**No. 4229.**

Court of Civil Appeals of Texas.
Eastland.
March 15, 1968.

Rehearing Denied April 5, 1968.

Gene L. Dulaney, Snyder, Cantey, Hanger, Gooch, Cravens & Scarborough, Whitfield J. Collins, Ft. Worth, for appellant.

Lynch, Chappell, Allday & Hamilton, James M. Alsup, Midland, for appellee.

WALTER, Justice.

D. M. Cogdell died in 1964 leaving a will in which he appointed Jonisue Cogdell Bowden, William Munsey Cogdell and David Martin Cogdell, Jr., independent executors of his estate. Marion P. Cogdell filed suit against the executors in the County Court seeking to have them file a corrected inventory and list of claims and make a speedy and equitable distribution of the estate. He also asked for an order requiring them to give bond under Section 149 of the Probate Code, V.A.T.S.

This is an appeal by the independent executors from an order of the District Court, on appeal from the County Court, overruling their plea in abatement and motion to dismiss.

The appellee, Marion P. Cogdell, is a son of D. M. Cogdell. D. M. Cogdell devised one-tenth of his residuary estate for a period of ten years to The Fort Worth National Bank as trustee of the Marion P. Cogdell trust of which Marion P. Cogdell is designated as primary beneficiary.

The appellants contend the court erred in overruling their plea in abatement and motion to dismiss because the appellee is without legal capacity to bring such a suit, and because the court had no jurisdiction to hear appellee's application. They also contend the appellee's pleadings were insufficient to support his application to require appellants to post a bond. The appellee contends the order overruling appellants'

plea in abatement and motion to dismiss is an interlocutory order and not appealable. We agree.

It is true that the legal title to property placed in the trust is in the trustee for a period of ten years but the beneficial title vested in the beneficiaries of the trust. Rekdahl v. Long, (Sup.Ct., 1967), 417 S.W.2d 387. In Laros v. Hartman, 152 Tex. 518, 260 S.W.2d 592 (1953), the Supreme Court said:

"The language 'any person interested in the estate of a decedent' has been construed by our courts as meaning one 'who either absolutely or contingently is entitled to share in the estate or the proceeds thereof.'"

The order overruling the plea in abatement was interlocutory and not appealable for the reason that it did not dispose of the controverted issue for which that particular part of the probate proceeding was brought, to-wit, that Marion P. Cogdell was without capacity to file his application requiring correction of inventory and list of claims, partition and distribution and bond. Kelley v. Barnhill, 144 Tex. 14, 188 S.W.2d 385 (1945); Fischer v. Williams, 160 Tex. 342, 331 S.W.2d 210 (1960).

In Kelley v. Barnhill the Supreme Court held that the order overruling a plea in abatement did not dispose of the issue before the court and was an interlocutory order and not appealable.

In Fischer v. Williams, the Supreme Court said:

"Under Section 28 of the Probate Code, formerly Article 3698, Revised Civil Statutes of Texas, in order to authorize an appeal in a probate matter, it must be an appeal from a decision, order, decree, or judgment which finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding was brought. See Halbert v. Alford, 82 Tex. 297, 17 S.W. 595. We interpret Section 28, supra, to mean that it has application only to such decisions,

orders, or judgments as at the end of a term would be held to have conclusively adjudicated some controverted question or right, unless set aside by some proper appellate or revisory procedure. See Lehman v. Gajewsky, 75 Tex. 566, 12 S.W. 1122. If the motion to dismiss the contest on the ground that contestants had failed to show an interest in the estate had been sustained, the order would have finally disposed of the controverted question involved, and would have been appealable. Since the order overruling respondents' motion to dismiss failed to finally dispose of the controverted issue, it, therefore, amounts to no more than an interlocutory order, inconclusive in its nature, made in the progress of the trial, and, therefore, not appealable. See Thomas v. Hawpe, 25 Tex.Civ.App., 534, 62 S.W. 785, wr. ref. The trial procedure, as outlined in the case of Kelley v. Barnhill, supra, may be appropriately followed in the instant case."

We sustain appellee's motion to dismiss the appeal. The appeal is dismissed.