Jack POINDEXTER, Appellant,

v.

ESTATE of Thomas E. BRANDON, Deceased, et al., Appellees.

No. 6460.

Court of Civil Appeals of Texas, El Paso.

Sept. 17, 1975.

Gloria T. Svanas, Odessa, for appellant.

Fugit, Pipes & Bobo, Gerald K. Fugit, Odessa, Merritt H. Gibson, Longview, for appellees.

OPINION

WARD, Justice.

In the County Court at Law of Ector County and in a pending probate proceeding where Independent Executrices of the Estate of Thomas E. Brandon had been duly appointed, the two Independent Executrices filed what they termed a "Motion to Show Cause" against the Appellant, Jack Poindexter, alleging that he had secreted certain properties belonging to the estate. In response to this motion, the Court issued a notice to show cause requiring the Appellant to appear in the independent probate proceeding to show cause why the properties belonging to the estate should not be surrendered. The show cause order also required the Appellant to produce in the independent probate proceeding "an inventory and appraisement of his mother's estate, JACQUE POINDEXTER BRANDON."

The Appellant filed a plea to the jurisdiction of the Court which the trial Court overruled.

The Appellant asserts that if the Independent Executrices have a claim against him that they proceed by proper suit and citation, with the citation meeting the requirements of Rule 101, Tex.R.Civ.P.; that any notice to show cause to one not a party to litigation is of no force and effect; and finally, if the proceeding be a means to compel his attendance as a witness in pending litigation, that proper subpoena or subpoena duces tecum be issued.

Regardless of how valid the complaints of the Appellant might be, jurisdiction in this matter is not presented. The order overruling the plea is interlocutory, not final, and the appeal does not lie. *Wilbanks v. State*

*ex rel. Needham,* 519 S.W.2d 280 (Tex.Civ. App.—Waco 1975, no writ).

The appeal is dismissed.