(e) The judgment against Patsy Logan as Independent Executrix of the Estate of J. A. Barge, Sr., Deceased, is affirmed.

See also Tex.Civ.App., 568 S.W.2d 863.

**Patsy Ruth LOGAN, Independent Executrix of the Estate of Jessie Aaron Barge, Sr., Deceased, Appellant,**

v.

**Vara BARGE, Appellee.**

No. 8121.

Court of Civil Appeals of Texas, Beaumont.

May 18, 1978.

William Drew Perkins, Lufkin, for appellant.

Kenzy D. Hallmark, Lufkin, for appellee.

CLAYTON, Justice.

Appellant, as Independent Executrix of the Estate of J. A. Barge, Sr., Deceased, appeals from an order of the probate court requiring her to file a $20,000.00 bond in her capacity as Independent Executrix of the Estate of the deceased. Appellee, Vara Barge, widow of the deceased instituted this action by filing a complaint alleging mismanagement of the estate on the part of appellant.

Trial was to the court which found that appellant mismanaged the estate in certain

particulars, and for such reason entered an order of the 6th day of December 1977, requiring appellant to file a bond. Appellant did not file the bond so required, and the court, on December 19, 1977, entered an order removing appellant as Independent Executrix of the Estate of J. A. Barge, Sr., Deceased, and appointed First Bank and Trust of Lufkin, Texas, as Administrator with the will annexed. Appellant appeals only from the order requiring her to post bond. She did not in any manner stay or supersede the order requiring the posting of bond. Appellant has not perfected an appeal from the order of her removal.

The threshold question before this court is whether the order, entered by the probate court, requiring appellant to post bond in this instance is an appealable order.

In order to authorize an appeal in a probate matter, it must be an appeal from a decision, order, decree, or judgment which finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding was brought. See *Fischer v. Williams*, 160 Tex. 342, 331 S.W.2d 210, 213–14 (1960); *In re Estate of D. M. Cogdell*, 426 S.W.2d 586, 587–88 (Tex.Civ.App.—Eastland 1968, writ ref'd n. r. e.).

The order complained of required appellant, as independent executrix to post a bond in the sum of $20,000.00 within ten days after entry of the order, which was December 6, 1977. This order did not remove appellant as independent executrix of the estate. This order, in and of itself, did not in any way interfere with appellant's right to continue in such capacity. She could continue acting and serving in the capacity of independent executrix until such time as she was actually removed. Such order did not finally dispose of and was not conclusive of the issue or controverted question for which that particular part of the proceeding was brought. Appellant having the right to continue to act in her capacity as independent executrix, until such time as the probate court entered an order interfering with her right to so act, then the only final order interfering with her right to so act would be the order of the probate court removing her and thereby preventing her from acting in the capacity of independent executrix. This order of removal would be the final order or judgment from which an appeal could be properly taken. Appellant did not appeal from this order of removal, and such order has become final.

Since the order requiring appellant to post bond failed to finally dispose of the controverted issue, it therefore amounts to no more than an interlocutory order, inconclusive in its nature and is, therefore, not appealable. Moreover, any action we could take in considering this appeal, other than dismissing same, will have no practical effect. The order removing appellant as independent executrix has become a final judgment against appellant. If we reversed the trial court's judgment, we could not reinstate appellant because she did not appeal from the order of removal and has not, in this appeal, asked for reinstatement.

This appeal is dismissed.

DISMISSED.