Tisbey A. BATH, Individually and as Independent Executor of the Estate of Gertrude Bath, Deceased, Appellant,

v.

Paul BATH, Appellee.

No. 1218.

Court of Civil Appeals of Texas, Tyler.

Sept. 20, 1979.

Rehearing Denied Oct. 25, 1979.

Glenn A. Perry, Wellborn, Houston, Bailey & Perry, Henderson, for appellant.

Frank Supercinski, Longview, for appellee.

MOORE, Justice.

This is an appeal from an order granting a partial summary judgment. Plaintiff, Tisbey A. Bath, individually and as Independent Executor of the estate of his mother, Gertrude Bath, instituted suit against defendant, Paul Bath, seeking to recover the sum of $10,243.57, alleged to be Paul Bath's pro rata share of additional federal estate taxes that was assessed and reduced to judgment after Paul's share of the estate had been distributed to him. Plaintiff also sought a recovery against Paul for his pro rata share of the attorneys' fees expended in defending the tax suit in the amount of $3,594.98, and further sought a recovery for attorney fees in the amount of $4,500.00 incurred in the prosecution of the present suit. Defendant answered with a general

denial and set up several affirmative defenses. Both parties filed a motion for summary judgment. After a hearing the trial court granted the plaintiff, Tisbey A. Bath, as Independent Executor, a summary judgment for $10,243.57, representing Paul's pro rata share of the additional estate taxes, but refused to grant judgment on plaintiff's claims for attorney fees. The court denied Paul's motion for summary judgment. Thereafter each party duly perfected separate appeals from the judgment.[1]

 We have concluded that the order of the trial court is interlocutory in nature, and that this court is therefore without jurisdiction to entertain the appeal of either party. A summary judgment that does not dispose of all the parties and all issues involved in the pending suit is not final and is not appealable unless the issues not adjudicated are severed by an express order. In the absence of a formal severance, a partial summary judgment is interlocutory and not appealable. *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.*, 159 Tex. 550, 324 S.W.2d 200 (1959); *Clabaugh v. City of Tyler*, 531 S.W.2d 152 (Tex.Civ.App.—Tyler 1975, no writ); *Zambrano v. Olives*, 477 S.W.2d 299 (Tex.Civ.App.—El Paso 1972, no writ); 4 R. McDonald, Texas Civil Practice sec. 17.04(B) (rev.1971).

While the summary judgment in the present case adjudicates the plaintiff's claim for reimbursement for additional estate taxes paid by the estate, it leaves the plaintiff's claims for attorney fees in the tax suit and the attorney fees incurred in this suit untried and unadjudicated. There being no order of severance the judgment is interlocutory and not appealable. A right of appeal will accrue to each party when, and not before, the partial summary judgment is merged in a final judgment disposing of the whole case. *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.*, supra.

Since we are without jurisdiction, it becomes our duty to dismiss the appeal even though the issue was not raised by either party. *Commercial Standard Insurance Co. v. Stonewall Insurance Co.*, 469 S.W.2d 310 (Tex.Civ.App.—Eastland 1971, no writ); *Zambrano v. Olives*, supra.

The appeal is dismissed.

1. By an order entered by this court the appeals were consolidated.