**Louis M. CHRISTENSEN, Individually and as Co–Independent Executor of the Estate of Dorothea L. Leonhardt, Deceased; Interfirst Bank–Fort Worth, N.A., as Co–Independent Executor of the Estate of Dorothea L. Leonhardt, Deceased; and Joanne Loretta Cassullo, Appellants,**

v.

**Andrea Luisa HARKINS, Appellee.**

**No. 2–87–114 CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 22, 1987.

Cantey, Hanger, Gooch, Munn & Collins and Allan Howeth and David C. Bakutis, McBryde & Bennett, and Nora Toohy and John McBryde, Fort Worth, for appellants.

Brown, Herman, Scott, Dean & Miles and Ardell M. Young and William M. Brown, Fort Worth, for appellee.

Before FENDER, C.J., and JOE SPURLOCK, II and LATTIMORE, JJ.

OPINION DENYING MOTION
TO DISMISS

LATTIMORE, Justice.

Appellants seek to appeal the judgment of the trial court granting appellee's motion for partial summary judgment in this declaratory judgment action filed in connection with the probate of a will. Appellee filed a motion to dismiss this appeal, contending this judgment is interlocutory and non-appealable, whereas appellants assert this is a final appealable judgment.

We deny appellee's motion to dismiss and hold this is a final appealable judgment.

A review of the procedural background of this case is necessary for our disposition of appellee's contentions. Dorothea L. Leonhardt died on February 14, 1985, leaving a written will. This will was admitted to probate and appellants Christensen and InterFirst–Fort Worth, N.A. qualified as co-independent executors and co-trustees. Appellee (Andrea Harkins), Edward Stroh and appellant Joanne Cassullo are the children of the deceased and are the principle beneficiaries under their mother's will. (There are additional named beneficiaries who are also defendants herein, who have not answered or appeared.)

In her will, the deceased made specific bequests of real estate to her daughters, Andrea and Joanne. Based upon their interpretation of the will, the independent executors/trustees transferred ownership of certain shares of stock in a New York City real estate entity from the estate to Joanne.

Andrea, as plaintiff, brought this suit for a declaratory judgment, pursuant to the Texas Uniform Declaratory Judgment Act, TEX.CIV.PRAC. & REM.CODE ANN. secs. 37.005, 37.007 (Vernon 1986). In summary, Andrea sought a declaratory judgment regarding these issues:

(A) Did the will authorize distribution to Joanne of the shares of stock and the leasehold in the New York City real estate, or did the bequest to Joanne in· the deceased's will adeem, with the result that the New York real estate is now a part of the residuary estate?

(B) Did the will provide for $100 per day payable to Louis Christensen as co-independent executor/trustee, beginning 2–14–85 and continuing until the estate is terminated?

(C) Is Andrea entitled to be reimbursed for her $10,200 payment of Dorothea's Neiman–Marcus charge account bill? (Andrea was permitted to make purchases on her mother's Neiman–Marcus account. Andrea alleged that a few months prior to Dorothea's death, an unknown person made purchases totaling $10,200 on said account, and Andrea was required to pay the independent executors/trustees this amount, which sum was not in fact the true obligation of Andrea.)

(D) Are Andrea's attorney's fees recoverable in this declaratory judgment action?

Joanne answered and filed a counterclaim seeking a declaratory judgment regarding whether Andrea's action constituted a contest to the will, in violation of the "no-contest" provision.

InterFirst and Christensen filed a petition in interpleader in which these co-trustees alleged they were paying Andrea $10,000 monthly from the net income of the assets of the estate that were set aside to be held in trust for her; however, a dispute has now arisen over the ownership of these assets, and the resulting income derived therefrom. Specifically, the petition stated that Andrea contends she is entitled to receive the monthly payments, whereas Joanne asserts Andrea violated the no-contest provision, thereby forfeiting Andrea's bequests under the will. The trustees indicated that they are being subjected to conflicting claims, and they deposited a monthly $10,000 amount into the registry of the court.

InterFirst and Christensen also counterclaimed against Andrea, seeking reimbursement of all payments made to her from the estate's assets if Andrea has forfeited all her rights under the will.

Andrea filed a motion for partial summary judgment in this declaratory judgment action relating to two issues: whether the distribution of the New York assets to Joanne was authorized under the will; and whether the actions of Andrea in bringing the declaratory judgment action violated the no-contest provision of Dorothea's will. The trial court heard Andrea's motion and held there was no genuine issue as to any material fact with respect to the two issues set forth in the motion, and that Andrea is entitled to a partial summary judgment on each of said issues. In its order, the trial

court determined, *inter alia:* (1) Under Dorothea's will, the bequest to Joanne adeemed and the transfer and distribution by appellants to Joanne of the 395 shares of New York stock together with the proprietary lease, is unauthorized; and (2) Andrea's action in bringing this suit for a declaratory judgment construing the will does not constitute a will contest and does not violate the no-contest provision of Dorothea's will.

Accordingly, the trial court granted a partial summary judgment and a declaratory judgment against: Christensen, individually; Christensen and InterFirst, as co-independent executors/trustees; and Joanne, decreeing that transfer of the 395 shares of New York stock with the proprietary lease is unauthorized and the independent executors are ordered to take such action as may be necessary to recover said shares of stock and proprietary lease for the estate. The trial court further ordered that Joanne immediately assign, transfer and convey said 395 shares of capital stock, together with the proprietary lease, to the estate.

The court additionally decreed that Joanne, Christensen, individually, and Christensen and InterFirst, as co-independent executors and trustees, take nothing on their counterclaims against Andrea, and the petition in interpleader is disallowed and denied. The court declared that Andrea is the owner of the $90,000 which had been implead into the registry of the court, and she is entitled to receive same. Furthermore, the court ordered the executors to "immediately resume the payments of a monthly allowance to [Andrea] in such amount each month hereafter during the pendency of this suit as said Independent Executors and Trustees paid to [Andrea] prior to their filing their said Petition in Interpleader." [1]

All costs incurred in connection with the granting of the partial summary judgment were assessed against Christensen, InterFirst and Joanne, jointly and severally. Lastly, the court stated as follows:

It is further ORDERED, ADJUDGED AND DECREED that upon the trial of this action the facts and issues hereinabove specified and determined shall be deemed established as hereby ordered and the trial shall be conducted accordingly; and that any and all issues in the above styled and numbered cause which are not resolved and determined by this Order shall remain for disposition and resolution when this case is tried on its merits.

Therefore, the trial court's order granting partial summary judgment disposed of the first of the four issues listed in Andrea's declaratory judgment petition. It also completely disposed of Joanne's counterclaim, and of the petition in intervention and counterclaim filed by Christensen and InterFirst. The remaining issues yet to be determined in the trial court pertain to whether: Christensen should receive $100 per day for his services; Andrea should be reimbursed $10,200 for her payment on her mother's Neiman–Marcus account; and, Andrea is entitled to attorney's fees in this declaratory judgment action.

Andrea asserts that the order in question is interlocutory and not appealable at this time. On the other hand, appellants respond that the order granted full, final and conclusive relief as to ultimate, dispositive issues in this case, and therefore is immediately appealable.

A brief discussion of the various rules relating to the appealability of declaratory and summary judgments, interpleader actions, and probate matters is required in our analysis of this issue. Regarding declaratory judgments, TEX.CIV.PRAC. & REM.CODE ANN. sec. 37.005 (Vernon 1986) provides that certain persons may have a declaration of rights or legal relations in respect to the trust or estate to direct the executors or trustees to abstain from doing any particular act in their fiduciary capacity, or to determine any question arising in the administration of the trust or estate, including questions of con-

1. As noted by the parties, the will provided the executor has absolute discretion—until settlement of the estate, or five years after the deceased's death—as to what monthly amount, if any, (up to $10,000) should be paid to Andrea out of the estate.

struction of wills and other writings. A party seeking to obtain a declaratory judgment may move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. TEX.R. CIV.P. 166–A(a). All orders, judgments and decrees pertaining to declaratory judgments may be reviewed as other orders, judgments and decrees. TEX.CIV.PRAC. & REM.CODE ANN. sec. 37.010 (Vernon 1986). Additionally, "[t]he finality of a declaratory judgment, by the express terms of Rule 166–A, is governed by the same rules as other kinds of judgments." *Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex. 1984) (opinion on reh'g).

■ Of course, the well-established general rule is that a summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory and not appealable unless a severance of that phase of the case is ordered by the trial court. *Pan American Petroleum Corporation v. Texas Pacific Coal & Oil Company*, 159 Tex. 550, 324 S.W.2d 200, 200–01 (1959) (per curiam). "In the absence of an order of severance, a party against whom such an interlocutory summary judgment has been rendered will have his right of appeal when and not before the same is merged in a final judgment disposing of the whole case." *Id.*, 324 S.W.2d at 201. The court's judgment in the instant case did not order a severance of any of the issues in the lawsuit.

■ Concerning an interpleader action, a defendant exposed to double or multiple liability may obtain an interpleader by way of cross-claim or counterclaim. TEX.R. CIV.P. 43. The conflicting claims must be such as to place the stakeholder in some real doubt or hazard to entitle him to the remedy of interpleader, and the doubt must at least be a reasonable one. *Davis v. East Texas Savings & Loan Association*, 163 Tex. 361, 354 S.W.2d 926, 930 (1962). This court has held that an action of the probate court in granting a bill of interpleader (and

awarding attorneys' fees and dismissing the interpleader from the lawsuit) was not interlocutory, but was a final appealable judgment. *See Taliaferro v. Texas Commerce Bank*, 660 S.W.2d 151, 155 (Tex. App.—Fort Worth 1983, no writ) (opinion on reh'g). In *Taliaferro*, which was not a summary judgment proceeding, we held:

> [O]nce the trial court found that appellees were exposed to multiple liability and granted their bill of interpleader, the only real controverted issue that affected appellees had been adjudicated and finally disposed of, and as such is a final appealable judgment.

*Id.* at 155.

Keeping in mind the above stated rules, the case law regarding the appealability of probate orders is somewhat unsettled. Although TEX.R.CIV.P. 301 provides that "[o]nly one final judgment shall be rendered in any cause except where it is otherwise specially provided by law," the Texas Probate Code provides that "[a]ll final orders of any court exercising original probate jurisdiction shall be appealable to the courts of (civil) appeals." TEX.PROB. CODE ANN. sec. 5(e) (Vernon 1980). The "one final judgment" rule has been modified in probate cases; in interpreting the predecessor to section 5(e),[2] the Supreme Court in *Kelley v. Barnhill*, 144 Tex. 14, 188 S.W.2d 385 (1945) held:

> [I]n order to authorize an appeal in a probate matter, it is not necessary that the decision, order, decree, or judgment referred to therein be one which fully and finally disposes of the entire probate proceeding. [Citations omitted.] However, *it must be one which finally disposes of and is conclusive of the issue or controverted question for which that particular part of the proceeding was brought* [Citation omitted.].... This statute doubtless has application only to such decisions, orders, or judgments as at the end of a term would be held conclusive, as adjudicative of some controverted question or right, unless set aside

2. Former article 3698 provided that "[a]ny person who may consider himself aggrieved by any decision, order, decree or judgment of the County Court, shall have the right to appeal there-

from to the District Court...." Ch. 30, art. 3698, 1925 Tex.Gen.Laws, Local & Spec. 1, 222–223, *repealed by* Act of Apr. 4, 1955, ch. 55, sec. 434(c), 1955 Tex.Gen. & Spec.Laws 88, 214.

by some proceeding appellate or revisory in its nature.'

*Id.,* 188 S.W.2d at 386 (emphasis added).

Subsequently, in *Fischer v. Williams,* 160 Tex. 342, 331 S.W.2d 210 (1960) the Supreme Court of Texas dealt with a will contest action wherein there was filed a motion to dismiss the will contest based upon the contestants' failure to show they were "interested parties" within the meaning of the probate statute allowing will contests. The Court held:

> We interpret [former Probate Code section 28, recodified as section 5(e)] *to mean that it has application only to such decisions, orders, or judgments as at the end of a term would be held to have conclusively adjudicated some controverted question or right, unless set aside by some proper appellate or revisory procedure.* [Citation omitted.] If the motion to dismiss the contest on the ground that contestants had failed to show an interest in the estate had been sustained, the order would have finally disposed of the controverted question involved, and would have been appealable. Since the order overruling respondents' motion to dismiss failed to finally dispose of the controverted issue, it, therefore, amounts to no more than an interlocutory order, inclusive in its nature, made in the progress of the trial, and, therefore, not appealable.

*Id.,* 311 S.W.2d at 213–14 (emphasis added).

Our research has revealed probate cases which support both appellants' and appellee's positions. The trial court's order in the following types of probate cases was held to be final and appealable: declaratory judgment in probate administration determining whether administratrix was exempt from paying certain filing fees, *Rodeheaver v. Alridge,* 601 S.W.2d 51, 54 (Tex.Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); summary judgment denying probate of one will, and expressly not ruling regarding probate of second will, *Cherry v. Reed,* 512 S.W.2d 705, 706–07 (Tex.Civ.App. —Houston [1st Dist.] 1974, writ ref'd n.r. e.); order setting aside appointment of administratrix, and reinstating appointment of prior administratrix, *Stevens v. Douglass,* 505 S.W.2d 532 (Tex.1974) (per cu-

riam); order requiring independent executrix to file a current accounting, *Gonzalez v. Gonzalez,* 309 S.W.2d 111, 114 (Tex.Civ. App.—Fort Worth 1958, no writ); order approving a claim against the estate, *Reynolds Mortgage Co. v. Smith,* 280 S.W. 879, 881 (Tex.Civ.App.—Texarkana 1926, no writ); order requiring liquidation of estate assets to satisfy claims of estate's attorney, *White v. Pope,* 664 S.W.2d 105, 106–07 (Tex.App.—Corpus Christi 1983, no writ). *See also Estate of Wright,* 676 S.W.2d 161, 163–64 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.); *Mossler v. Johnson,* 565 S.W.2d 952, 954 (Tex.Civ.App.—Houston [1st Dist.] 1978, writ ref'd n.r.e.); *Currie v. Drake,* 550 S.W.2d 736, 739 (Tex.Civ.App. —Dallas 1977, writ ref'd n.r.e.); and *Bergeron v. Session,* 554 S.W.2d 771, 773–75 (Tex.Civ.App.—Dallas 1977) (appeal filed), 561 S.W.2d 551 (Tex.Civ.App.—Dallas 1978, writ ref'd n.r.e.).

The following probate cases involve orders that were held to be interlocutory and non-appealable: order requiring deceased's partner to deliver money and promissory note to administrator of estate, *Powell v. Hartnett,* 521 S.W.2d 896, 897–98 (Tex.Civ. App.—Eastland 1975, no writ); partial summary judgment holding widow was put to an election as to whether to take under the will—however, a fact question remained regarding whether she had exercised this election, *Stutts v. Stovall,* 531 S.W.2d 690, 691 (Tex.Civ.App.—San Antonio 1975, writ ref'd n.r.e.) (per curiam); partial summary judgment awarding executor federal tax judgment against beneficiary, but refusing to grant judgment on executor's two claims for attorneys' fees, *Bath v. Bath,* 588 S.W. 2d 650, 650–51 (Tex.Civ.App.—Tyler 1979, no writ); order denying removal of independent executor, but not severing this issue from other pending issues (should a receiver be appointed; matters regarding an accounting by the executor; and a claim of mismanagement), *Laurie v. Stabel,* 482 S.W.2d 652, 654–55 (Tex.Civ.App.—Amarillo 1972, no writ); order overruling executor's plea in abatement in suit by beneficiary of testamentary trust against executor seeking to have executor take certain actions, but not disposing of controverted issue of whether beneficiary had capacity

to file application requiring these particular actions, *In Re Estate of Cogdell*, 426 S.W. 2d 586, 587–88 (Tex.Civ.App.—Eastland 1968, writ ref'd n.r.e.). *See also Dusset-schleger v. Smith*, 577 S.W.2d 771, 772–73 (Tex.Civ.App.—Tyler 1979, no writ); *Logan v. Barge*, 568 S.W.2d 872, 873 (Tex.Civ.App.—Beaumont 1978, no writ); and *Poindexter v. Brandon*, 527 S.W.2d 824 (Tex.Civ. App.—El Paso 1975, no writ).

We have carefully reviewed all of the above cited authorities, and those additional cases cited in the parties' briefs, and conclude that the great weight of authority supports the conclusion that the trial court's order in the instant case is final and appealable. The probate court conducts its business in a continuing series of events. The nature of "administration" contemplates decisions to be made on which other decisions will be based. There must be a practical way to review erroneous, controlling, intermediate decisions before the consequences of the error do irreparable injury.

The flexibility of modern pleadings allow the litigant to present a number of matters in one document to the probate court for decision. If, as here, the trial court elects to decide some of the matters presented and not others, then the appellate court should not be deterred from review because there was no formal order of severance below. The probate court here resolved with finality several contentions growing out of separable fact situations. If no timely appeal had been taken, the possibility of limitations cutting off the remedy would be a most serious consideration.

To deny an appeal because the matter of requested attorney's fees is not resolved would allow the tail to wag the dog. The trial court can handle the matter of attorney's fees at any suitable time. In fact, after appeal rather than before seems to be a more realistic time for such decision.

The motion to dismiss is denied.