TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00444-CV






Eric J. Kongs, Appellant



v.



Bonnie G. Harmon, Individually and as Independent Executrix of the

Estate of Winona A. Kongs, Deceased, Appellee





FROM THE DISTRICT COURT OF JIM WELLS COUNTY, 79TH JUDICIAL DISTRICT


NO. 95-09-34024, HONORABLE STAN PEMBERTON, JUDGE PRESIDING 







 Eric Kongs seeks to appeal the trial court's order overruling his challenge to the
will of his mother, Winona Kongs. Appellee Bonnie Harmon moves to dismiss the appeal for
want of jurisdiction. We will grant the motion.

 After Winona died, her sister Bonnie sought to have a will signed by Winona
admitted to probate. The trial court admitted the will to probate and issued letters testamentary
to Bonnie. Several months later, Eric applied to set aside the order probating the will. Eric
alleged that, when she executed the will, Winona either was not competent, was subjected to
undue influence, or was under a mistaken belief as to the contents of the will. By an amended
pleading, Eric added a claim that Bonnie, while acting as Winona's guardian, violated her
fiduciary duties to him. Eric's claim for breach of fiduciary duties centered on Bonnie's signing
a document that changed the beneficiary on a death benefit provided by the California State
Teachers Retirement System from Eric Kongs to the Estate of Winona Kongs.

 Bonnie moved for partial summary judgment on Eric's claim that the will was
invalid. The trial court granted the motion, ordering that Eric take nothing on his application to
set aside the order probating Winona's will. The court signed its order granting the partial
summary judgment on February 7, 1997. Eric and Bonnie subsequently settled their dispute over
the change in beneficiary of the death benefit, and the trial court signed an order dismissing the
cause concerning entitlement to the death benefit on May 5, 1997. Eric perfected an appeal that
is timely if counted from the order dismissing the death-benefit claim, but untimely if counted
from the summary-judgment order denying his challenge to the will. In his brief on appeal, Eric
attacks the trial court's rulings that the will is valid.

 All final orders of any court exercising original probate jurisdiction are appealable
to the court of appeals. Tex. Prob. Code Ann. § 5(f) (West Supp. 1998). To be appealable, an
order rendered in a probate proceeding need not finally dispose of the entire proceeding. Kelley
v. Barnhill, 188 S.W.2d 385, 386 (Tex. 1945); Youngs v. Choice, 868 S.W.2d 850, 854 (Tex.
Civ. App.--Houston [14th Dist.] 1993, writ denied). A probate proceeding consists of a continuing
series of events, with the probate court making decisions at one point in the administration of the
estate on which other decisions will be based. The need to review controlling, intermediate
decisions before an error can harm later phases of the proceeding has been held to justify
modifying the one-final-judgment rule. Christensen v. Harkins, 740 S.W.2d 69, 74 (Tex. Civ.
App.--Fort Worth 1987, no writ); see Tex. R. Civ. P. 301. 

 An appealable order in a probate proceeding must adjudicate conclusively a
controverted question or right. Kelley, 188 S.W.2d at 386. Barring a statute making an order
in a particular phase of a probate proceeding final, the supreme court has cautioned that, if
pleadings in that phase raise other issues or parties that are not disposed of, the order is
interlocutory. Crowson v. Wakeman, 897 S.W.2d 779, 783 (Tex. 1995). To be appealable, then,
an order in a probate proceeding must both adjudicate a substantial right and dispose of all parties
and issues related to the order. Crowson, 897 S.W.2d at 783; Hawkins v. Estate of Volkmann,
898 S.W.2d 334, 342 (Tex. App.--San Antonio 1995, writ denied); Estate of Wright, 676 S.W.2d
161, 163 (Tex. App.--Corpus Christi 1984, writ ref'd n.r.e.).

 An order determining the validity of a will concludes an essential phase in the
administration of an estate. See Sanders v. Capitol Area Council, Boy Scouts of Am., 930 S.W.2d
905, 909 (Tex. App.--Austin 1996, no writ) (admission of will to probate completed a phase of
probate proceedings). Such an order determines whether the deceased's assets will be distributed
to those people named in the will as opposed to those who are heirs at law. The will admitted to
probate here did not name Eric as a beneficiary, and the February 7 order denying Eric's
application to set aside the order probating it thus extinguished his claim to receive any of
Winona's estate. No further hearing is necessary to finally resolve the validity of the will. To
pursue his challenge to the will, Eric was required to timely appeal the February 7 order.

 That Eric combined in the same pleading his challenge to the will and his claim to
the death benefit does not affect the appealability of either. Christensen, 740 S.W.2d at 74; e.g.,
Youngs, 868 S.W.2d at 852. Eric's assertion that Bonnie wrongfully changed the beneficiary of
the death benefit forms a distinct legal claim arising from a set of circumstances separate from his
challenge to the will. See, e.g., Christensen, 740 S.W.2d at 74 (order resolving question of
ademption without addressing executor's right to compensation or beneficiary's claim to
reimbursement was appealable); Cherry v. Reed, 512 S.W.2d 705, 707 (Tex. Civ. App.--Houston
[1st Dist.] 1974, writ ref'd n.r.e.) (order denying probate of one will without addressing
application to probate second will was appealable).

 We conclude that the order denying Eric's application to set aside the order
probating Winona's will resolved a discrete phase of the probate proceeding and was, therefore,
appealable. Eric's failure to timely appeal the order requires us to dismiss his appeal for want of
jurisdiction. Davies v. Massey, 561 S.W.2d 799, 801 (Tex. 1978). We therefore grant Bonnie's
motion and dismiss the appeal for want of jurisdiction.



 


 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and B. A. Smith

Dismissed for Want of Jurisdiction on Appellee's Motion

Filed: July 16, 1998

Do Not Publish



ry 7, 1997. Eric and Bonnie subsequently settled their dispute over
the change in beneficiary of the death benefit, and the trial court signed an order dismissing the
cause concerning entitlement to the death benefit on May 5, 1997. Eric perfected an appeal that
is timely if counted from the order dismissing the death-benefit claim, but untimely if counted
from the summary-judgment order denying his challenge to the will. In his brief on appeal, Eric
attacks the trial court's rulings that the will is valid.

 All final orders of any court exercising original probate jurisdiction are appealable
to the court of appeals. Tex. Prob. Code Ann. § 5(f) (West Supp. 1998). To be appealable, an
order rendered in a probate proceeding need not finally dispose of the entire proceeding. Kelley
v. Barnhill, 188 S.W.2d 385, 386 (Tex. 1945); Youngs v. Choice, 868 S.W.2d 850, 854 (Tex.
Civ. App.--Houston [14th Dist.] 1993, writ denied). A probate proceeding consists of a continuing
series of events, with the probate court making decisions at one point in the administration of the
estate on which other decisions will be based. The need to review controlling, intermediate
decisions before an error can harm later phases of the proceeding has been held to justify
modifying the one-final-judgment rule. Christensen v. Harkins, 740 S.W.2d 69, 74 (Tex. Civ.
App.--Fort Worth 1987, no writ); see Tex. R. Civ. P. 301. 

 An appealable order in a probate proceeding must adjudicate conclusively a
controverted question or right. Kelley, 188 S.W.2d at 386. Barring a statute making an order
in a particular phase of a probate proceeding final, the supreme court has cautioned that, if
pleadings in that phase raise other issues or parties that are not disposed of, the order is
interlocutory. Crowson v. Wakeman, 897 S.W.2d 779, 783 (Tex. 1995). To be appealable, then,
an order in a probate proceeding must both adjudicate a substantial right and dispose of all parties
and issues related to the order. Crowson, 897 S.W.2d at 783; Hawkins v. Estate of Volkmann,