TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00721-CV






Stephen C. Kuhns, Appellant



v.



Donald F. Carnes, Trustee of the Frances P. Kuhns Trust, Appellee






FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY


NO. 58,115-C, HONORABLE GUY HERMAN, JUDGE PRESIDING







 Donald Carnes, trustee of the Frances P. Kuhns irrevocable inter vivos trust (the
"trust"), sought a declaration of his powers and responsibilities as trustee of the trust. (1) Stephen
Kuhns, the sole adult beneficiary under the trust, appeals pro se following the probate court's
grant of a summary judgment in favor of Carnes. (2) We will modify the judgment and affirm the
judgment as modified.


Background


 In 1981, Frances Kuhns executed a trust document naming the State National Bank
of El Paso (3) as trustee. She listed three beneficiaries, her son, Stephen Kuhns, her grandson, Jesse
Kuhns, and a remainder beneficiary, the El Paso Community Foundation. On May 20, 1987, the
trust purchased the residential real estate at issue in Hays County near Dripping Springs. The
trust also paid a portion of the construction costs of a house on the property. To date, the house
has not been completed due to a lack of trust funds. Despite its unfinished state, Stephen Kuhns
has been residing in the house.

 The trust has had several successor trustees since Frances Kuhns named the original
trustee. On May 8, 1991, a successor trustee, Bank One, Texas, N.A., (4) initiated the underlying
suit in the Travis County Probate Court seeking to withdraw as trustee. Kuhns answered, filed
counterclaims against Bank One claiming breach of the trust agreement, breach of fiduciary duty,
breach of the duty of good faith and fair dealing, and sued for an accounting. On April 24, 1992,
the probate court entered an order allowing Bank One to withdraw as trustee. In the same order,
the probate court appointed Carnes trustee "effective as of the date Donald F. Carnes obtains
control of the assets" of the trust. Following this order, the only issues remaining were Kuhns's
counterclaims against Bank One. The FDIC intervened and removed Kuhns's claims to federal
court. 

 On April 11, 1995, the probate court entered an order setting out Carnes's authority
as trustee. By its order, the probate court held that Carnes was the trustee of the trust as he had
obtained control of all the assets of the trust. 

 Because Kuhns continued to question Carnes's authority to act as trustee,
particularly regarding the residential property, Carnes sought clarification of his powers and
responsibilities as trustee and specifically asked the probate court to resolve several issues: (1)
whether Carnes has the authority to sell the residential property on terms and conditions he deems
to be in the best interest of the trust; (2) whether Kuhns has an ownership interest in the real
property and any right to possession other than as a tenant at sufferance of Carnes's; (3) whether
Kuhns's interest as a tenant at sufferance can be terminated by Carnes at any time and for any
reason; and (4) whether Kuhns's affidavit filed in the Hays County Clerk's records is effective
to create a valid enforceable lien against the real property. 

 Carnes filed a motion for summary judgment contending that his summary-judgment proof showed as a matter of law he was entitled to declarations that (1) he has authority
to sell the property on terms and conditions he deems to be in the best interest of the trust; (2)
Kuhns has no ownership interest in the property and no right to possess any part of the property
except as a licensee of Carnes; (3) Kuhns's interest as a licensee may be terminated at any time
for any reason; and (4) Kuhns does not have a valid lien against the property as a result of his
filed affidavit. 

 Kuhns responded to the motion for summary judgment and argued several bases
for denying summary judgment. The trial court granted the summary judgment and declared that
(1) Carnes, as trustee of the trust is authorized to sell the Hays County property on terms and
conditions he deems to be in the best interest of the trust and the beneficiaries; (2) Kuhns has no
ownership interest in the property and no right to possess any part of the property except as a
licensee of Carnes and that right may be terminated at any time and for any reason by Carnes; and
(3) Kuhns does not have a valid lien against the property as a result of the affidavit he filed in the
Hays County Clerk's records.


Discussion


 On appeal Kuhns raises the following issues: (1) the probate court did not have
jurisdiction to hear the case, and proper venue for the suit was Hays County; (2) two affidavits
and a court order offered by Carnes as summary-judgment proof are inadmissible; (3) Carnes
failed to show the property was a trust asset; (4) Kuhns has "an equitable/beneficial interest in the
property," and the property cannot be sold without his joinder; (5) Carnes failed to show that a
sale of the property would be in the best interest of the beneficiaries; and (6) Carnes failed in his
fiduciary duties to disclose to Kuhns all material factors affecting the beneficiaries. Kuhns
contends that fact issues remain and the trial court improperly granted the summary judgment.

 A motion for summary judgment is properly granted only if the supporting evidence
shows that the movant is entitled to judgment as a matter of law. See Anderson v. Snider, 808
S.W.2d 54, 55 (Tex. 1991); Mayo v. John Hancock Mut. Life Ins. Co., 711 S.W.2d 5, 6 (Tex.
1986). When the plaintiff is the movant on its affirmative claims, it must affirmatively
demonstrate by summary-judgment proof that there is no genuine issue of material fact concerning
each element of its claim. See Green v. Unauthorized Practice of Law Comm., 883 S.W.2d 293,
297 (Tex. App.--Dallas 1994, no writ). The plaintiff meets this burden by producing evidence that
will be sufficient to support an instructed verdict at trial. See FDIC v. Moore, 846 S.W.2d 492,
494 (Tex. App.--Corpus Christi 1993, writ denied). 


Jurisdiction and Venue

 Kuhns contends that the probate court lacked jurisdiction and venue over this case.
Kuhns asserts that the Hays County district court was the only court with jurisdiction over the
declaratory-judgment action. Kuhns argues that the Travis County Probate Court was without
jurisdiction because a case was pending in Hays County in which Kuhns was challenging title to
the property. (5) However, in another part of Kuhns's appellate brief, he states that "Texas Probate
Code section[s] 5 and 5A [are] effective to confer jurisdiction on the probate court, and thus upon
this [a]ppellate [c]ourt, should the proceeding be in the right venue and brought in good faith,
which appellate disputes." 

 The interpretation of an inter vivos trust is at issue in this probate declaratory-judgment action. Texas Probate Code, section 5A and Texas Property Code, section 115.001(d)
give statutory probate courts jurisdiction over all actions involving inter vivos trusts. See Tex.
Probate Code Ann. § 5A(c) (West Supp. 1999); Tex. Prop. Code Ann. § 115.001(d) (West 1995).
Contrary to Kuhns's assertion, the issues of venue and good faith do not affect jurisdiction.
Kuhns's contention that the probate court was without jurisdiction is overruled.

 Next we address Kuhns's contention that venue was proper only in Hays County
because this action was for the recovery of real property. See Tex. Civ. Prac. & Rem. Code Ann.
§ 15.011 (West Supp. 1999) (mandatory venue provision for actions for recovery of real
property). 

 "Proper venue" means the venue required by the mandatory venue provisions of
the Texas Civil Practice and Remedies Code or another statute prescribing mandatory venue. See
Tex. Civ. Prac. & Rem. Code Ann. § 15.001(b)(1) (West Supp. 1999). As stated earlier, this
action involved the interpretation of an inter vivos trust and specifically determined the powers,
responsibilities and duties of a trustee under the terms of the trust; it was not an action to recover
real property. See Stiba v. Bowers, 756 S.W.2d 835, 839-40 (Tex. App.--Corpus Christi 1988,
no writ) (suit to construe trust does not involve title to land unless cast as one for recovery of land
or to quiet title). Because this is an action seeking an interpretation of a trust, it falls within the
provisions of the Texas Trust Code. See Tex. Prop. Code Ann. §§ 111.001-123.005 (West
1995). "The venue of an action under the [Texas Property Code] section 115.001 is determined
according to section [115.002 of the Texas Property Code.]" See Tex. Prop. Code Ann. §§
115.001 & .002 (West 1995). "If there is a single noncorporate trustee, venue is in the county
in which the trustee's residence is located." Tex. Prop. Code Ann. § 115.002(b) (West 1995). 

 Regardless of whether the trustee is the original petitioner, a counter-petitioner, or
a defendant, the mandatory venue provisions of the Texas Trust Code require that venue of a suit
to determine the powers, responsibilities and duties of a trustee is in the county where the trustee
resides. See Tex. Prop. Code Ann. §§ 115.001(a)(4), 115.002(a) (West 1995); see also Cogdell
v. Fort Worth Nat'l Bank, 537 S.W.2d 304, 307 (Tex. Civ. App.--Fort Worth 1976, writ dism'd
w.o.j.) (trustee filed counter-petition seeking declaration of his powers and responsibilities under
terms of trust). 

 Carnes established that he resides in Travis County. Venue was proper in the
Travis County Probate Court pursuant to the mandatory venue provision of section 115.002 in the
Texas Trust Code. We overrule Kuhns's contention that venue was proper only in Hays County. 


Evidentiary Issues

 In the probate court, Carnes objected to most of the evidence Kuhns offered in
response to the summary-judgment motion. Kuhns responded, objecting to some of Carnes's
evidence as well. The probate court entered an order reflecting its rulings on the evidentiary
objections. On appeal, Kuhns complains about the probate court admitting a deed conveying the
Hays County property to the trust. Kuhns however failed to preserve this complaint for appellate
review as he did not object to this evidence before the probate court. See Tex. R. App. P.
33.1(a). Kuhns also complains on appeal about the admission of Carnes's affidavit and an
affidavit filed by Peter Islas, the chief appraiser for the Hays County Appraisal District. Kuhns
also complains about the admission of the probate court's order of April 11, 1995 as summary-
judgment proof. Kuhns raised these objections before the probate court and they were overruled. (6)


 Kuhns raises several issues regarding Carnes's and Islas's affidavits. First, Kuhns
generally complains that Carnes's affidavit is comprised of "unsubstantiated legal conclusions."
Kuhns however does not direct us to the portions of the affidavit he contends are unsubstantiated
legal conclusions. The most likely statement with which Kuhns takes issue is Carnes's statement
that fee-simple title to the Hays County property is currently held by the trust, through its trustee,
and that Kuhns does not own any interest in the property. Carnes asserts that he was qualified
as an expert to make this statement.

 Summary judgment based on the uncontroverted affidavit of an interested witness
or an expert witness is proper if the evidence is clear, positive, direct, otherwise credible, free
from contradictions and inconsistencies, and could have been readily controverted. See Trico
Techs. Corp. v. Montiel, 949 S.W.2d 308, 310 (Tex. 1997); Republic Nat'l Leasing Corp. v.
Schindler, 717 S.W.2d 606, 607 (Tex. 1986) (affidavits were admissible as proper summary-
judgment evidence because they were readily controvertible); see also Tex. R. Civ. P. 166a(c).
"Could have been readily controverted" does not mean that the summary-judgment evidence could
have been easily and conveniently rebutted, but rather indicates that the testimony could have been
effectively countered by opposing evidence. Casso v. Brand, 776 S.W.2d 551, 558 (Tex. 1989).

 Expert testimony comprised of only legal conclusions is insufficient to support a
summary judgment as a matter of law. Anderson v. Snider, 808 S.W.2d 54, 55 (Tex. 1991).
Expert testimony must be comprised of more than conclusory statements and must be specific. 
See Wadewitz v. Montgomery, 951 S.W.2d 464, 466 (Tex. 1997); see also Lara v. Tri Coastal
Contractors, Inc., 925 S.W.2d 277, 278 (Tex. App.--Corpus Christi 1996, no writ) (summary
judgment reversed because expert's affidavit was solely unsubstantiated legal conclusions). If an
interested expert witness presents legally sufficient evidence in support of a motion for summary
judgment, the opposing party must produce other expert testimony to controvert the claims. Lay
testimony is insufficient to refute an expert's testimony. See Hernandez v. Lukefahr, 879 S.W.2d
317, 142 (Tex. App.--Houston [14th Dist.] 1994, no writ); White v. Wah, 789 S.W.2d 312, 318
(Tex. App.--Houston [1st Dist.] 1990, no writ) (lay person's affidavit cannot controvert expert
opinion where lay person has no background in field). Additionally, the expert's affidavit must
rest on a reliable foundation. E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 556-57 (Tex. 1995). Therefore, the summary-judgment proof must include an expert's qualifications. 
United Blood Servs. v. Longoria, 938 S.W.2d 29, 30 (Tex. 1997). 

 Although Carnes was an interested witness, we conclude that he established a
reliable foundation and was qualified to give an expert opinion on the title to the trust property. 
Carnes stated in his affidavit that he had practiced real estate law in Texas since 1981. He was
familiar with examining titles to real property and with the procedures Texas attorneys use to
examine titles. He established that he was the trustee of the trust and was the legal custodian of
all title papers and business records of the trust and had reviewed all of the papers before
executing the affidavit. Before executing the affidavit he had examined the title to the property
following established procedures. Attached to Carnes's affidavit was a certified copy of the
original deed transferring title to the property to the trustee of the inter vivos trust in 1987.
Additionally, Carnes attached to his affidavit a certified copy of the probate-court order appointing
him trustee and a copy of the April 11, 1995 probate-court order that determined he was the
trustee, set out his authority as trustee, and found that he had obtained control of all trust assets.

 Kuhns attempted to refute Carnes's affidavit solely with his own affidavit rather
than by another expert's affidavit. The trial court excluded the portion of Kuhns's affidavit
related to statements about ownership of the property. Even if Kuhns's affidavit were admissible,
it would not have controverted Carnes's affidavit because Kuhns's lay testimony was insufficient
to refute Carnes's expert testimony.

 Kuhns next complains that Islas's affidavit also contained unsubstantiated legal
conclusions. Islas stated by affidavit that he was the chief appraiser of the Hays County Appraisal
District. He set out his duties including specifically his duty to determine the owner of each tract
of real property taxable in the district. Islas stated that he had examined the public records and
determined that the legal owner of the Hays County property was Carnes as trustee of the trust. 

 Attached to Islas's affidavit was a copy of the report on ownership of the property
he made to the Hays County Appraisal District that reflected Carnes as trustee of the trust was the
owner of the residential property. Like Carnes, Islas also established that he was qualified as an
expert to testify about who held the legal title to the residential property.

 Kuhns next complains that Carnes's and Islas's affidavits contained
"unsubstantiated factual conclusions." Again, Kuhns does not complain about any specific
statements in the affidavits. We hold that the factual statements in both affidavits were amply
substantiated by certified copies of reports and documents. The trial court properly admitted
Carnes's and Islas's affidavits and the accompanying documents. Kuhns's complaints regarding
the admissibility of these documents are overruled. 

 Kuhns next contends for the first time on appeal that the April 11, 1995 order
delineating Carnes's duties as trustee was void and any reliance the probate court placed on the
order was erroneous. Kuhns argues that the order was void because the probate court had no
jurisdiction to issue the order since the case had been removed to federal court and was never
remanded. Kuhns asks this Court to vacate the April 11 order.

 Kuhns included with his appellate brief his affidavit about what occurred in federal
court along with uncertified copies of notices of removal to federal court, a federal-court order
approving a settlement agreement, and a final judgment in the related case. Because none of the
records relating to the federal case were admitted before the probate court as summary-judgment
proof, Kuhns asks this Court to take judicial notice of four federal-court documents. Kuhns also
requests that this Court consider his affidavit in which he claims that the case was removed to
federal court, that the probate court entered judgment while the case was removed, and the federal
court has never remanded the case to the state probate court. Carnes objects to any consideration
by this Court of Kuhns's affidavit and the attached federal-court documents since they were not
before the probate court for consideration. 

 Kuhns concedes in his brief that the appellate court cannot consider matters outside
the probate court's record to determine whether the probate court had jurisdiction when it issued
its 1995 order that confirmed the authority of Carnes as trustee. See Mellon Sev. Co. v. Touche,
Ross & Co., 946 S.W.2d 862, 864 (Tex. App.--Houston [14th Dist.] 1997, no writ) (citing
Eubanks v. Hand, 578 S.W.2d 515, 516 (Tex. Civ. App.--Corpus Christi 1979, writ ref'd n.r.e.);
Rosenfeld v. Steelman, 405 S.W.2d 301 (Tex.1966)) (appellate court may not consider affidavits
to determine jurisdiction of trial court). However, Kuhns contends that this Court may consider
matters outside of the record to determine its own jurisdiction. Mellon Serv. Co., 946 S.W.2d
at 854. 

 We note that Kuhns is not appealing the probate court's April 11, 1995 order that
he claims is void. Instead he is appealing the probate court's order of October 10, 1997, that
granted summary judgment in favor of Carnes and declared Carnes's powers and duties as trustee.
On appeal, Kuhns is contending that the probate court's reliance, if any, on the April 11, 1995
order as summary-judgment proof was erroneous. Kuhns is asking this Court to consider matters
outside of the probate court's record to determine the probate court's jurisdiction, which he
concedes this Court may not do. He is not asking this Court to consider matters outside of the
record to determine our own jurisdiction. We decline to consider Kuhns's affidavit and
uncertified copies of federal-court records attached to Kuhns's brief.

 Kuhns also objects that the April 11, 1995 order was an advisory opinion. See
United Servs. Life Ins. Co. v. Delaney, 396 S.W.2d 855 (Tex. 1965). The April 11 order
declared that (1) Carnes was the trustee of the trust, (2) Carnes had obtained control over all of
the assets of the trust, and (3) Carnes had "the sole authority and power to settle and compromise
claims of the Trust, without the need for consent by any other party." 


 Only the first two portions of the April 11 order are pertinent to this case. Even
if the probate court cannot enforce the third part of the order it has the authority to enforce the
remaining portions of the order which are relevant to this appeal--that Carnes was the sole trustee
and had control of the trust assets. (7) The portions of the April 11 order that are relevant to this
appeal are not advisory and Kuhns's contention that the April 11 order was void and improperly
admitted as summary-judgment proof is overruled.


Is the Property a Trust Asset?

 Kuhns contends that the summary judgment was improper because Carnes failed
to prove that the property was a trust asset. He raises this contention despite the fact that it is
undisputed that the trust purchased the property. Kuhns argues that the property is not a trust
asset because the trustee that preceded Carnes failed to "deliver" the residential property to
Carnes. Kuhns appears to contend that the only way the property would retain its character as
trust property was for the resigning trustee, Team Bank, to have conveyed the residential property
by delivering a new deed to the property to Carnes. 

 The trust provides the following regarding what is to occur upon the appointment
of a successor trustee:


5.2 Upon the appointment of such successor trustee, it shall succeed to all of the
rights, powers, duties and privileges conferred herein upon the original Trustee. 
Such successor trustee shall be responsible only for the assets delivered by the
preceding Trustee and may accept as correct the statement of such preceding
trustee that such constitutes all the assets of the trust estate, without any duty to
inquire into the administration or accounting by the preceding trustee. 


5.3 Upon the appointment of a successor trustee, the original trustee shall, upon
delivery of the assets, books and records of this trust estate to such successor, be
relieved of all further liabilities, responsibilities, and duties under this Trust. 



 Regarding the residential property, as summary-judgment proof Carnes submitted
a copy of the original deed from the grantor to the trustee in 1987. As mentioned earlier, Carnes
also submitted the probate-court order of April 24, 1992, appointing Carnes as trustee.
Additionally, Carnes submitted the affidavit of Peter Islas, the chief appraiser for the Hays County
Appraisal District, who stated that Carnes as trustee was the official owner of the property.
Attached to his affidavit was the report showing Carnes as the owner. Carnes also submitted the
probate-court order of April 11, 1995, in which the probate court determined that Carnes had
"obtained control of all of the assets of the Trust."

 We conclude that Carnes's summary-judgment proof showed that the property was
a trust asset. Furthermore, it is only because the property is a trust asset that Kuhns has any sort
of interest in the property. 


Kuhns's Interest in the Property

 Kuhns contends that he has a beneficial, equitable interest in the property and that
the probate court deprived him of standing to claim his equitable-title ownership interest. We
conclude that the probate court did not deprive him of standing to claim an equitable interest in
the property. 

 It is essential to the creation of a trust that the legal and equitable titles to trust
property be held by different entities. In re Estate of Cogdell, 426 S.W.2d 586 (Tex. Civ.
App.--Eastland 1968, writ ref'd n.r.e.). The law is well settled that in a valid trust legal title to
the trust res is vested in the trustee and the beneficiary has the equitable title only, without
possession or right of possession. Ex parte Rodriguez, 636 S.W.2d 844, 847-48 (Tex. App.--San
Antonio 1981, no writ) (citing McCamey v. Hollister Oil Co., 241 S.W. 689, 695 (Tex. Civ.
App.--Fort Worth 1922), aff'd on other grounds, 274 S.W. 562 (Tex. 1925)); Estate of Cogdell,
426 S.W.2d at 587; Long v. Long, 252 S.W.2d 235, 247 (Tex. Civ. App.--Texarkana 1952, writ
ref'd n.r.e.). In fact when both titles unite in one person, the trust terminates. See Tex. Prop.
Code Ann. § 112.034(b) (West 1995). Apart from statutorily authorized powers, a trustee can
exercise only those powers expressly granted by the settlor or those necessarily implied in the
trust instrument and neither the trustee nor the courts can add to or take from these powers but
must permit them to stand as written, subject only to the construction intended by the settlor.
Beaty v. Bales, 677 S.W.2d 750, 754 (Tex. App.--San Antonio 1984, writ ref'd n.r.e.) (citing
Jewett v. Capital Nat'l Bank, 618 S.W.2d 109, 112 (Tex. App.--Waco 1981, writ ref'd n.r.e.)).
If a trust authorizes a trustee to sell real property, then a beneficiary's equitable interest in the
property is converted to a beneficial equitable interest in the proceeds. See Tex. Prop. Code Ann.
§ 112.032 (b) (West 1995). 

 The trust document provides in section 4.2(d) that the trustee has the power to sell
trust assets. Consequently, any equitable interest Kuhns has in the property is subject to the
trustee's administration of the assets. 

 There is no ruling by the probate court that Kuhns lacked standing to claim
equitable title to the property. However, in order to clarify the probate court's order, we modify
the portion of the order concluding that Kuhns has no ownership interest in the residential
property to specifically reflect that Kuhns continues to have only a beneficial equitable interest in
the property without any right to possession.


Is Kuhns's Joinder Required to Sell the Property?

 Kuhns argues that because he has an equitable interest in the trust assets, the trustee
may not sell the trust property without his consent. Kuhns argues that because he has not
consented to a sale of the property, the probate court erred by holding Carnes had the authority
to sell the residential property. 

 As a matter of law, Kuhns's beneficial equitable interest in the property is not the
type of property interest that requires his joinder or consent for a sale. As discussed, Kuhns's
equitable beneficial interest is subject to the trustee's administration of the trust. Under the
explicit terms of the trust and its enumerated powers of the trustee, it is unnecessary for the
trustee to join Kuhns in any sale of the property. 

 Pursuant to Article IV of the trust titled "Powers of Trustee," sections 4.1 and
4.2(d) and (j) of the trust instrument provide Carnes with the power to sell an asset of the trust. 
Section 4.1 of the trust provides that 


the Trustee shall receive, hold, manage, convert, sell, assign, alter, invest,
reinvest, and otherwise deal with the monies realized from such policies or other
assets at any time added to this Trust in any manner as shall deemed to be for the
best interests of the beneficiaries hereunder to the same extent that the Trustor,
individually, might do. 



Section 4.2(d) of the trust provides that "The Trustee, in dealing with the Trust Assets, may sell
or exchange such assets at public or private sale . . . ." Section 4.2(j) of the trust provides:


The Trustee shall receive, hold and manage the property constituting the trust
estate or estates herein created, . . . and shall make investments, reinvestments and
changes of investments thereof, from time to time, and shall collect the income
therefrom, with full power in the Trustee to sell (at public or private sale), assign,
exchange or transfer.



 Kuhns's contention that his interest in the property required his joinder for a sale
is overruled. 


Best Interest of the Beneficiaries

 Kuhns contends that Carnes failed to prove that the sale of the residential property
was in the best interest of the beneficiaries. Carnes did not seek or obtain a declaration from the
probate court that a sale of the property on certain particular terms would satisfy his obligation
under the trust that he deem the sale to be in the best interest of the beneficiaries. In the event
that Carnes decides to sell the property and does so without determining that such a sale is in the
beneficiaries' best interest, then Kuhns has a remedy against him; he may bring a suit against
Carnes for breach of the trust. Those issues, however, were not before the probate court and are
not before this Court on appeal. It was not necessary for Carnes to prove a sale was in the best
interest of the beneficiaries. Carnes only had to prove that the trust instrument provided that he
had the power to sell the property. Kuhns's complaint that Carnes failed to show that a sale of
the property would be in the best interest of the beneficiaries is overruled. 


Breach of Fiduciary Duty

 Kuhns contends that Carnes breached his fiduciary duty to fully disclose all material
factors affecting the beneficiaries' interests and that such a showing renders the summary
judgment improper. Specifically, Kuhns complains that Carnes failed to support his claim that
the trust had no assets other than the residential property, was out of money, and that it was
necessary to sell the property. 

 The probate court did not determine that it was necessary to sell the property. The
issue before the probate court was whether Carnes, as trustee, had the power, pursuant to the
trust, to sell the property. The issue of whether or not the trust had money was irrelevant to the
summary judgment. This contention is overruled.


Conclusion


 Having addressed Kuhns's contentions, we conclude the probate court did not err
in declaring that under the terms of the trust Carnes had the right to sell the residential property
without joining Kuhns in the transaction. As a trust beneficiary, Kuhns has a beneficial equitable
interest in the property without a right of possession. We therefore, modify the probate court's
judgment declaring that Kuhns has no interest in the property to reflect that Kuhns has a beneficial
equitable interest in the property without a right of possession. The judgment is affirmed as
modified.



 


 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Modified and, as Modified, Affirmed

Filed: September 10, 1999

Do Not Publish
1.   At the time Carnes initiated this action, Frances P. Kuhns was deceased. 
2.   The probate court's order granted a partial summary judgment, however, the trial court
severed the judgment rendering it final for purposes of appeal. 
3.   Now MBank El Paso.
4.   Formerly Team Bank.
5.    On September 11, 1997, Kuhns filed a petition in the Hays County district court while this
case was pending in the Travis County Probate Court. Kuhns raised similar issues in the petition
filed in Hays County as those at issue in this case before the probate court. After the probate
court granted summary judgment in favor of Carnes, the Hays County district court dismissed
Kuhns's case on April 2, 1998, based on the defendants' pleas to the jurisdiction and pleas in
abatement. Kuhns perfected an appeal of the dismissal which this Court affirmed today. See
Kuhns v. Bank One, Texas, N.A., No. 03-98-177-CV (Tex. App.--Austin September 10, 1999, no
pet. h.) (not designated for publication). 
6.    In reviewing Kuhns's brief we note that he often supports his contentions with citations to
evidence that the trial court excluded from the record. We will not consider these documents.
With the exception of the two affidavits and the one court order, Kuhns waived other evidentiary
complaints for appeal as he has not provided argument and authority demonstrating that the trial
court's rulings were erroneous. See Tex. R. App. P. 38.1(h); Attebury v. Brison, 871 S.W.2d
824, 826-27 (Tex. App.--Texarkana 1994, writ denied). 
7.    The probate court may not be able to enforce the portion of the April 11 order that
pertained to Carnes's sole authority and power to settle and compromise claims of the trust
regarding the federal litigation if the federal court decided that someone other than Carnes had
settlement authority. In that situation, the Supremacy Clause of the federal constitution might
override the probate court's determination. See U.S. Const. art. VI, cl.2. That portion of the
April 11 order, however, is of no relevance in this case. 



he may bring a suit against
Carnes for breach of the trust. Those issues, however, were not before the probate court and are
not before this Court on appeal. It was not necessary for Carnes to prove a sale was in the best
interest of the beneficiaries. Carnes only had to prove that the trust instrument provided that he
had the power to sell the property. Kuhns's complaint that Carnes failed to show that a sale of
the property would be in the best interest of the beneficiaries is overruled. 


Breach of Fiduciary Duty

 Kuhns contends that Carnes breached his fiduciary duty to fully disclose all material
factors affecting the beneficiaries' interests and that such a showing renders the summary
judgment improper. Specifically, Kuhns complains that Carnes failed to support his claim that
the trust had no assets other than the residential property, was out of money, and that it was
necessary to sell the property. 

 The probate court did not determine that it was necessary to sell the property. The
issue before the probate court was whether Carnes, as trustee, had the power, pursuant to the
trust, to sell the property. The issue of whether or